# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RONALD R. SANTOS,

    *Plaintiff*,

vs.

ALLEN*, et al.*

    *Defendants*.

2:11-cv-01251-KJD-RJJ

ORDER

This *pro se* prisoner civil rights action by Nevada state inmate comes before the Court for initial review of the complaint under 28 U.S.C. § 1915A. The filing fee has been paid.

### *Governing Law*

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See, e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the complaint. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949-51 & 1954, 173 L.Ed.2d 868

(2009). That is, bare and conclusory assertions that constitute merely formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief. *Id.*

Further, the factual allegations must state a plausible claim for relief, meaning that the well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).
>
> . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 129 S.Ct. at 1949-50.

Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

***Discussion***

***Count I***

In Count I, plaintiff alleges that he was denied his right to be free from cruel and unusual punishment under the Eighth Amendment and rights to due process and equal protection of the law when he was denied requested bed moves, when sandals and a boom box were lost, and when he was charged with medical expenses in a disciplinary proceeding after being in a fight.

With regard to bed moves, an inmate is not subjected to cruel and unusual punishment when he is denied a requested bed move to room with another individual. Characterizing

otherwise nonactionable prison decisions as "deliberately indifferent" does not state a claim for relief under the Eighth Amendment.  Nor does an inmate have a protected liberty interest in being housed in a particular cell and/or with another particular individual.  Nor does denying a requested bed move deny an inmate equal protection of the laws.  The Constitution simply does not take cognizance of such minutiae, and federal courts do not intrude into such day-to-day prison management decisions by prison officials.

These conclusions hold true even if, allegedly, every other bed move request known to plaintiff was approved but his was not.  The Constitution is not concerned with bed moves in a prison.  These conclusions hold true even if plaintiff got in fights with two of the cell mates that he had following his bed move request.  Allegations merely that plaintiff requested a bed move to be with a preferred cell mate, that the request was not granted, and that plaintiff thereafter had fights with two cell mates do not state a claim for relief.  Plaintiff's allegation that all actions followed "kind of like these 'perpetual consequences'" does not state any claim for relief.  Fortuity is not actionable.

These conclusions hold true even though plaintiff alleges that he is Jewish, that the preferred cell mate is Jewish, and that the denial of his bed move request "may have been rooted in antisemitism."  These allegations do not state a viable Eighth Amendment, due process, or equal protection claim.  Nor do they state a viable claim under any other constitutional guarantee.  Plaintiff has no right to be housed with only other Jewish inmates.  Conclusory unsubstantiated allegations that a denial of a request may have been rooted in an impermissible motive fail to state a claim for relief.  The allegations of the complaint must permit the court to infer more than the mere possibility of misconduct.  *Iqbal, supra*.

With regard to the remaining claims – property loss and the disciplinary sanction – the instructions for the Court's required complaint form provide that a plaintiff may raise only one alleged constitutional violation per count.  That means in this instance that plaintiff may not combine constitutional claims regarding property loss and a disciplinary sanction with constitutional claims arising out of a refusal to grant a bed move request.  Plaintiff must present such claims in separate counts.

The property loss claim in any event fails to state a claim upon which relief may be granted. Loss or destruction of a pair of sandals and a boom box clearly does not constitute cruel and unusual punishment. Again, characterizing otherwise nonactionable events as "deliberately indifferent" does not state a claim for relief under the Eighth Amendment. Nor does loss of sandals and a boom box deprive an inmate of equal protection of the laws. The allegations fail to state a claim under the Fourteenth Amendment for a denial of due process arising from the loss or deprivation of the property, due to the availability of an adequate state post-deprivation remedy for the loss. *See Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); N.R.S. 73.010; N.R.S. 41.031; N.R.S. 209.243.

The allegations regarding the disciplinary sanction similarly fail to state a claim upon which relief may be granted. Plaintiff does not dispute that he got into a fight with the other inmate, although he maintains that the other inmate was the aggressor. According to the allegations of the complaint, the charges were reduced to horseplay and the resulting medical charges were split between the two inmates. Plaintiff does not identify any procedural violation in the decision, and he only disagrees with the outcome of a decision which by his own allegations was based on some evidence. Plaintiff merely alleges that the hearing officer acted with "deliberate indifference" in making an order with which plaintiff disagrees. Again, merely alleging that a prison decision or action constituted "deliberate indifference" does not act as a talisman stating an Eighth Amendment claim where none otherwise exists. Having to pay medical charges from a fight one was involved in does not constitute cruel and unusual punishment.

Count I accordingly fails to state a claim upon which relief may be granted.

**Count II**

In Count II, plaintiff again improperly combines multiple different alleged constitutional violations within a single count. Plaintiff alleges that he was denied his right to be free from cruel and unusual punishment under the Eighth Amendment and rights to due

process of law and equal protection of the law when: (a) he was written up and sanctioned to ten days disciplinary detention; (b) he thereafter was held in a segregation unit because he had an enemy on the yard; (c) numerous property items were lost or destroyed; and (d) he was transferred to a different prison.

Over and above plaintiff's failure to follow the instructions for the required complaint form, none of these claims state a claim upon which relief may be granted.

With regard to the disciplinary sanction, merely because plaintiff believes that the sanction was "harsh" does not give rise to a constitutional violation. The imposition of a sanction of such short duration clearly does not give rise to the deprivation of a protected liberty interest as is required for a due process claim. *See,e.g., Sandin v. Conner*, 515 U.S. 472, 485-86, 115 S.Ct. 2293, 2301, 132 L.Ed.2d 418 (1995). Plaintiff further provides no allegations tending to establish the presence of any constitutional violation.

With regard to the prison designating another inmate as an enemy, plaintiff seeks to challenge the policy whereby inmates may not see who has been designated as an enemy and have no way of removing the other inmate from the list. Plaintiff fails to state an actionable claim. Federal courts do not intrude into matters of prison security based upon what an inmate believes would be a better policy. There are obvious security reasons why a list of an inmate's enemies is not "transparent" to the inmate as plaintiff seeks.

As discussed above as to Count I, the claims regarding loss of property fail to state a constitutional claim, given the availability of post-deprivation remedies. Any alleged violation of state administrative regulations does not give rise to a federal constitutional claim. *See Sandin,* 515 U.S. at 477-84, 115 S.Ct. at 2297-2300. With regard to the back brace discussed in the claims, the allegations state that correctional officers took the brace on the basis that it no longer was authorized by the medical department. If plaintiff believes that the brace still is medically necessary, he will have to take up that matter with the prison medical department.

Finally, plaintiff's transfer to a different prison does not give rise to a constitutional claim. Plaintiff's allegations that a caseworker who recommended a transfer to an even

higher security facility was overzealous, "probably had too much coffee," and "decided to 'burn' the plaintiff," fail to state any matter of constitutional significance.

Count II accordingly fails to state a claim upon which relief may be granted.

***Count III***

In Count III, plaintiff alleges that he was denied his right to free exercise of religion under the First Amendment, his right to be free from cruel and unusual punishment under the Eighth Amendment, and rights to due process of law and equal protection of the law with regard to restriction on or denial of his ability to engage in sundry religious practices.

Count III, in the main, alleges a First Amendment free exercise claim, although the Court does not hold that every jot and tittle in Count III of the prolix pleading states a claim standing alone.

Count III does not state a claim under the Due Process Clause, the Equal Protection Clause, or the Eighth Amendment.

The First Amendment claim in Count III, as currently alleged, accordingly will proceed to service after plaintiff has had an opportunity to amend with regard to his deficient claims. The remaining claims in Count III will be dismissed for failure to state a claim.

***Count IV***

In Count IV, plaintiff alleges that he was denied his right to free exercise of religion under the First Amendment and his right to be free from cruel and unusual punishment under the Eighth Amendment when a mail order meal that he ordered for Passover was lost or destroyed at some point after it either was received at the prison or sent back to the company that prepared the meal.

The mere fact that the lost or destroyed mail order meal was for the Passover does not give rise to a First Amendment free exercise claim. As discussed under Count I, the loss or destruction of property otherwise does not give rise to a constitutional claim, given the availability of state law post-deprivation remedies in state court.

A claim assuredly does not arise under the Eighth Amendment, and the allegations in Count IV exemplify plaintiff's fundamental misunderstanding of the operation of the Eighth

Amendment.  Plaintiff alleges that sundry prison officers were variously arrogant, surly, narcissistic, and/or otherwise unresponsive to his requests, queries and grievances regarding the lost meal.  The Eighth Amendment prohibits prison officials from being deliberately indifferent *to a subjectively known serious threat to inmate health or safety*.  *See,e.g., Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).  The Eighth Amendment does not require that prison officials be solicitous of an inmate's every want or request or that they be courteous, cheerful, and proactive as they are presented with the inmate's queries, requests, and grievances.  That is, the Eighth Amendment commands only that prison officials not be deliberately indifferent to a known serious threat to plaintiff's health or safety.  Whether or not they allegedly are "deliberately indifferent" to plaintiff's multitudinous requests, queries, and grievances – or even to plaintiff himself – is not a matter of Constitutional concern under the Eighth Amendment.

Count IV fails to state a claim upon which relief may be granted.

***Count V***

In Count V, plaintiff again improperly combines multiple different alleged constitutional violations within a single count.  Plaintiff alleges that he was denied his right to be free from cruel and unusual punishment under the Eighth Amendment and to equal protection of the laws under the Fourteenth Amendment when: (a) sundry grievances were not responded to timely under state administrative regulations and/or properly in plaintiff's view; (b) he was held in a cold, mostly bare cell for six days that was infested with ants that would crawl all over him; (c) he was verbally abused and threatened by officers when he hit the emergency call button repeatedly after he had chest pains after his heartburn medication was missed in a pill call; and (d) a jean jacket was stolen by another inmate.

Over and above plaintiff's failure to follow the instructions for the required complaint form, all but one of these claims fail to state a claim upon which relief may be granted.

Count V fails to state a claim upon which relief may be granted with regard to the handling of grievances.  It is well established that prisoners do not have a protected liberty interest in a particular grievance or appeal procedure.  *See,e.g., Ramirez v. Galaza*, 334 F.3d

850, 860 (9th Cir. 2003). Allegations that the defendants improperly responded to a grievance or improperly denied a grievance fail to state a claim upon which relief may be granted separate and apart from the underlying alleged constitutional violation. Plaintiff further clearly is not subjected to cruel and unusual punishment or denial of equal protection when a grievance is denied or handled improperly. The alleged violation of any state administrative regulations does not give rise to a constitutional violation. *Sandin, supra.*

Count V fails to state a claim upon which relief may be granted with regard to the alleged harassment and threats by officers. Verbal harassment, including even threats of bodily injury, does not give rise to a viable Eighth Amendment claim. *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir.1996), *amended by* 135 F.3d 1318 (9th Cir.1998); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir.1987); *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir.1987).[1]

And, as discussed under Count I, Count V fails to state any viable constitutional claim vis-à-vis the loss of his jean jacket, given the availability of post-deprivation remedies under state law in state court.

The only potentially viable claim in Count V concern the alleged cell conditions. All other claims in Count V will be dismissed.

Finally, as to all counts, all claims against all defendants in their official capacities must be dismissed. Plaintiff may not recover the exclusively monetary damages that he seeks in the complaint from the defendants in their official capacity. First, claims for damages from state officials in their official capacity are barred by state sovereign immunity under the Eleventh Amendment. *See, e.g., Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Cardenas v. Anzal*, 311 F.3d 929, 934-35 (9th Cir. 2002). Second, state officials sued in their official capacity for monetary damages are not "persons" subject to suit under 42 U.S.C. § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 & n.10, 109 S.Ct. 2304, 2312 n.10, 105 L.Ed.2d 45 (1989).

---

[1] Plaintiff's passing references to being in "severe distress" from heartburn and that "there was a possibility" of his experiencing severe back pain and spasms in the cold cell fail to state a claim for deliberate indifference to a serious medical need.

Plaintiff will be given an opportunity to file an amended complaint correcting, if possible, the deficiencies identified herein. **If plaintiff again fails to follow the instruction to the complaint form and presents multiple alleged constitutional violations in a single count, the entire count then will be dismissed without advance notice and without further opportunity to amend.**

IT THEREFORE IS ORDERED that the Clerk of Court shall file the complaint (#1-1) and that the following claims are dismissed without prejudice: (a) all claims in Counts I, II and IV; (b) all claims in Count III **except** the claims under the First Amendment regarding free exercise of religion; (c) all claims in Count V **except** the claims alleging an Eighth Amendment violation with regard to plaintiff's cell conditions from November 12, 2010, through November 18, 2010; and (d) all official capacity claims against all defendants. The foregoing dismissal is subject to leave to amend within thirty (30) days of entry of this order to correct the deficiencies in the complaint if possible.

IT FURTHER IS ORDERED that, as a consequence of the foregoing dismissal, the only defendants that remain before the Court, on the claims that remain that are identified in the preceding paragraph, as applicable, are the individual capacity claims against defendants Calderin, Camacho, Carbajal, Christilli, Connett, Ferguson, Morrow, Neven, Provencal, Quiros, Scillia, Wathan, and Duane Wilson. No claims remain against any other defendant named in the complaint.

IT FURTHER IS ORDERED that, on any such amended complaint filed, Plaintiff shall clearly title the amended complaint as an amended complaint by placing the word "AMENDED" immediately above "Civil Rights Complaint" on page 1 in the caption and shall place the docket number, **2:11-cv-01251-KJD-RJJ**, above the word "AMENDED" in the space for "Case No."

Under Local Rule LR 15-1, any amended complaint filed must be complete in itself without reference to prior filings. Thus, any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint no longer will be before the Court.

1  The Clerk shall provide plaintiff with a copy of the original complaint that he submitted
2  together with two copies of a § 1983 complaint form and one copy of the instructions for same.
3  If an amended complaint is filed in response to this order, the Court will screen the
4  amended pleading before ordering any further action in this case.
5  If plaintiff does not timely mail an amended complaint to the Clerk for filing, the matter
6  will proceed forward only as the claims that have not been dismissed by this order.  If the
7  amended complaint does not correct the deficiencies identified in this order and otherwise
8  does not state claims upon which relief may be granted, the deficient claims will be dismissed
9  without advance notice and without further leave to amend.
10  DATED: February 13, 2012

_____
KENT J. DAWSON
United States District Judge