1

2

3

4

5

6                            UNITED STATES DISTRICT COURT

7                                   DISTRICT OF NEVADA

8                                          * * *

9

10   RONALD SANTOS,                              )
                                                 )
11              Plaintiff,                        )        2:11-cv-1251-KJD-NJK
                                                 )
12   vs.                                          )
                                                 )        **O R D E R**
13   AWD ISIDRO BACA, et al.,                     )
                                                 )
14              Defendants.                       )
     _____ )
15          This matter is before the Court on Defendants' Motion to Strike Plaintiff's Notice to the

16   Court (Dkt. #23) and Notice to the Court - and Request for Submission (Dkt. #25). The Court has

17   considered the Defendants' Motion (#26) and finds that this motion appropriately resolved without

18   oral argument. Local Rule 78-2.

19                                      **BACKGROUND**

20          On February 2, 2013, the Plaintiff filed the Complaint in this case alleging numerous causes

21   of action. Docket No. 8. On May 14, 2012, the Plaintiff filed an Amended Complaint. Docket No.

22   11. On February 25, 2013, the Court screened the Amended Complaint and dismissed, with

23   prejudice, all of the Plaintiff's claims except his Eighth Amendment claim. Docket No. 15. The case

24   was then stayed for 90 days to determine whether the Attorney General's office would enter a limited

25   appearance for the purpose of discussing settlement. *Id.* On March 28, 2013, the Attorney General's

26   office agreed to a limited appearance and, on April 9, 2013, the Court ordered an inmate early

27   mediation conference. Docket No. 19 and 19. The early mediation conference was held on May 3,

28   2013. No settlement was reached. Docket No. 20. On June 14, 2013, the Plaintiff filed a notice with

1  the Court indicating that he would like to settle this case for the terms he alleges were offered to him

2  in the mediation conference and he listed the alleged terms. Docket No. 23. On July 3, 2013, the

3  Plaintiff filed a second notice with the Court indicating that he would accept alternative settlement

4  offers and again discussed with specificity the settlement discussions which took place during the

5  May 3, 2013, mediation. Docket No. 25. The Defendants have moved to strike both of the Plaintiff's

6  notices for disclosing confidential settlement discussions.

7  **DISCUSSION**

8  "It is well established that '[d]istrict courts have inherent power to control their docket.' "

9  *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) *(*quoting *Atchison,*

10  *Topeka & Santa Fe Ry. v. Hercules, Inc.,* 146 F.3d 1071, 1074 (9th Cir.1998) (alteration in

11  original). This includes the power to strike items from the docket as a sanction for litigation

12  conduct. *Id. (citing Lazy Y Ranch Ltd. v. Behrens,* 546 F.3d 580, 586-87, 588 (9th Cir.2008)). For

13  example, in *Ready Transp., Inc.*, the Ninth Circuit found that it was within the jurisdiction of the

14  court to strike a confidential settlement agreement from the public docket when it had been

15  improperly filed on the docket by the Plaintiff. *Id*.

16  Here, similar to the plaintiff in *Ready Transp., Inc.*, the Plaintiff has filed information

17  about the confidential settlement discussions on the public docket. The Court order setting the

18  mediation conference clearly states that, "[t]he discussions and negotiations that occur during the

19  mediation conference are confidential. The judges assigned to this case will not be informed by

20  the mediator or by any party or attorney about what was discussed or what offers were made

21  during the mediation conference." Docket No. 19 at 3. The notices the Plaintiff filed on Docket

22  Nos. 23 and 25 are in violation of this Order. Accordingly, the Court finds that striking those

23  notices from the public docket is an appropriate sanction.

24  ...

25  ...

26  ...

27  ...

28

1    **CONCLUSION**

2    Based on the foregoing, and good cause appearing therefore,

3    **IT IS HEREBY ORDERED** that Defendants' Motion to Strike Plaintiff's Notice to the

4    Court and Notice to the Court - and Request for Submission (#26) is **GRANTED**;

5    **IT IS FURTHER ORDERED** that the Clerk shall **STRIKE Document Nos. 23 and 25**

6    from the docket.

7    DATED this 8th day of August, 2013.

8

9

10    _____
      **NANCY J. KOPPE**
11    **United States Magistrate Judge**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 3 -