UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RONALD SANTOS, | |
| Plaintiff, | 2:11-cv-1251-KJD-NJK |
| vs. | **O R D E R** |
| AWD ISIDRO BACA, et al., | |
| Defendants. | |

This matter is before the Court on Defendants' Motion to Strike Plaintiff's Notice to the Court (Dkt. #23) and Notice to the Court - and Request for Submission (Dkt. #25). The Court has considered the Defendants' Motion (#26) and finds that this motion appropriately resolved without oral argument. Local Rule 78-2.

**BACKGROUND**

On February 2, 2013, the Plaintiff filed the Complaint in this case alleging numerous causes of action. Docket No. 8. On May 14, 2012, the Plaintiff filed an Amended Complaint. Docket No. 11. On February 25, 2013, the Court screened the Amended Complaint and dismissed, with prejudice, all of the Plaintiff's claims except his Eighth Amendment claim. Docket No. 15. The case was then stayed for 90 days to determine whether the Attorney General's office would enter a limited appearance for the purpose of discussing settlement. *Id*. On March 28, 2013, the Attorney General's office agreed to a limited appearance and, on April 9, 2013, the Court ordered an inmate early mediation conference. Docket No. 19 and 19. The early mediation conference was held on May 3, 2013. No settlement was reached. Docket No. 20. On June 14, 2013, the Plaintiff filed a notice with

the Court indicating that he would like to settle this case for the terms he alleges were offered to him in the mediation conference and he listed the alleged terms. Docket No. 23. On July 3, 2013, the Plaintiff filed a second notice with the Court indicating that he would accept alternative settlement offers and again discussed with specificity the settlement discussions which took place during the May 3, 2013, mediation. Docket No. 25. The Defendants have moved to strike both of the Plaintiff's notices for disclosing confidential settlement discussions.

## DISCUSSION

"It is well established that '[d]istrict courts have inherent power to control their docket.' " *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) *(*quoting *Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc.,* 146 F.3d 1071, 1074 (9th Cir.1998) (alteration in original). This includes the power to strike items from the docket as a sanction for litigation conduct. *Id. (citing Lazy Y Ranch Ltd. v. Behrens,* 546 F.3d 580, 586-87, 588 (9th Cir.2008)). For example, in *Ready Transp., Inc.*, the Ninth Circuit found that it was within the jurisdiction of the court to strike a confidential settlement agreement from the public docket when it had been improperly filed on the docket by the Plaintiff. *Id*.

Here, similar to the plaintiff in *Ready Transp., Inc.*, the Plaintiff has filed information about the confidential settlement discussions on the public docket. The Court order setting the mediation conference clearly states that, "[t]he discussions and negotiations that occur during the mediation conference are confidential. The judges assigned to this case will not be informed by the mediator or by any party or attorney about what was discussed or what offers were made during the mediation conference." Docket No. 19 at 3. The notices the Plaintiff filed on Docket Nos. 23 and 25 are in violation of this Order. Accordingly, the Court finds that striking those notices from the public docket is an appropriate sanction.

...

...

...

...

## CONCLUSION

Based on the foregoing, and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendants' Motion to Strike Plaintiff's Notice to the Court and Notice to the Court - and Request for Submission (#26) is **GRANTED**;

**IT IS FURTHER ORDERED** that the Clerk shall **STRIKE Document Nos. 23 and 25** from the docket.

DATED this <u>8th</u> day of August, 2013.

**NANCY J. KOPPE**
**United States Magistrate Judge**