UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RONALD SANTOS,

    Plaintiff,

v.

ISIDRO BACA, *et al.*,

    Defendants.

Case No. 2:11-CV-01251-KJD-NJK

**ORDER**

    Before the Court is Defendants Isidro Baca *et al.*'s ("Defendants") Motion for Partial Dismissal (#27). Plaintiff Ronald Santos ("Plaintiff") responded (#29) and Defendants replied (#32). Also before the Court is Plaintiff's Motion to Amend/Correct Complaint (#30). Defendants responded (#33) and Plaintiff replied (#34).

I. Motion to Amend Analysis

    Plaintiff seeks to amend his complaint which is brought under 42 U.S.C. § 1983 to include "that all Defendants acted in their official capacity–and to add Injunctive Relief Sought."

    Federal Rule of Civil Procedure 15(a)(2) reads: "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15. Also pertinent here, Plaintiff is *pro se*, meaning that his submissions to the Court are "to be liberally construed, and . . . however inartfully pleaded,

1  must be held to less stringent standards than formal pleadings drafted by lawyers." <u>Erickson v.</u>
2  <u>Pardus</u>, 551 U.S. 89, 94 (2007) (citations and internal quotation omitted).
3        As both of these considerations weigh strongly in favor of liberality, the Court is inclined to
4  grant Plaintiff's Motion. However, while the petition for injunctive relief is permissible, "officials
5  acting in their official capacities" are not susceptible to suit under § 1983. <u>Will v. Michigan Dep't of</u>
6  <u>State Police</u>, 491 U.S. 58, 71 (1989). Accordingly, Plaintiff's Motion to Amend/Correct Complaint
7  (#30) is granted only with respect to claims for injunctive relief.
8  <u>II. Motion for Partial Dismissal Analysis</u>
9        Defendants move under Federal Rule of Civil Procedure 12(b)(6) to dismiss Warden Dwight
10  Neven ("Neven") from the present action for failure to allege sufficient facts to sustain a plausible
11  claim. When a motion to dismiss is made, the Court must construe the facts in the light most
12  favorable to the non-moving party. <u>Wyler Summit Partnership v. Turner Broadcasting System, Inc.</u>,
13  135 F.3d 658, 661 (9th Cir. 1998). Further, Plaintiff is *pro se*, meaning that his submissions to the
14  Court are "to be liberally construed, and . . . however inartfully pleaded, must be held to less
15  stringent standards than formal pleadings drafted by lawyers." <u>Erickson v. Pardus</u>, 551 U.S. 89, 94
16  (2007) (citations and internal quotation omitted). However, even given the highly liberal standard
17  describe above, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter,
18  accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 129 S. Ct.
19  1937, 1949 (2009) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).
20        Defendants correctly assert that "[a] supervisor is only liable for constitutional violations of
21  his subordinates if the supervisor participated in or directed the violations, or knew of the violations
22  and failed to act to prevent them. There is no respondeat superior liability under section 1983."
23  <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989). Defendants argue that the claims against Neven
24  should be dismissed as Plaintiff fails to allege sufficient participation in the violations. However, this
25  argument ignores both that mere knowledge of the violations is enough, and the liberal standard
26  applied to *pro se* pleadings discussed above. Further, Defendants fail to meaningfully reply to

Plaintiff's response regarding Neven's involvement in the alleged violations of the Free Exercise Clause via the operational procedures governing the chapel. Accordingly, Defendants have not met their burden.

III. Conclusion

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend (#30) is **GRANTED** only as to injunctive relief and the addition of relevant facts supporting plausibility under <u>Twombly</u>. Plaintiff's Motion (#30) is **DENIED** as to suit against the officials in their official capacity.

**IT IS FURTHER ORDERED** that Defendants' Motion for Partial Dismissal (#27) is **DENIED**.

DATED this 30th day of September 2013.

_____
Kent J. Dawson
United States District Judge

3