# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RONALD R. SANTOS, | Case No. 2:11-cv-01251-KJD-NJK |
| Plaintiff, | ORDER |
| vs. | |
| AWD ISIDRO BACA, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion for Appointment of Private Investigator for Limited Scope of Services. Docket No. 41. The Court has considered Plaintiff's Motion, Defendants' Response, and Plaintiff's Reply. Docket Nos. 41, 42, 45. The Court finds that this motion is properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed below, the Court hereby DENIES Plaintiff's motion for appointment of private investigator for limited scope of services.

## **DISCUSSION**

On May 21, 2014, Plaintiff filed his Motion for Appointment of Private Investigator for Limited Scope of Services. Docket No. 41. Plaintiff, an inmate in solitary confinement, requests the Court to appoint a private investigator for purposes of serving additional parties and taking various pictures of, and related to, "Holding Cell #1" in the High Desert State Prison.[1] *Id.*, at 2. Plaintiff also requests to

---

[1] Plaintiff is requesting a private investigator to provide Plaintiff with the addresses of the following persons: Sgt. Ferguson, J. Mohlenkamp, Misail Palaylay, A. Scilla, Lt. Schaff, Howard

"depose" the private investigator, through written interrogatories, of the conditions of "Holding Cell #1." *Id.*, at 2. Plaintiff admits that private investigators are "not usually appointed," but argues that the Court has discretion to, and in this case should, appoint a private investigator to assist in trial preparation. *Id.*, at 2-3.

On June 9, 2014, Defendants Isidro Baca, Eric Burson, Julio Calderin, James Fowler, Brian Connet, Cole Morrow, Jennifer Nash, Edward Provencal, Dwight Neven, Anthony Ritz, Duane Wilson, Joel Quiroz, Ben Wathen, and Taham Cristilli, filed their response. Docket No. 42. Defendants state that they will provide the last-known addresses, under seal, for the following persons: Mohlenkamp, Lt. Schaff, A. Scilla and Howard Skolnik. *Id.*, at 2. Defendants represent that Plaintiff has "failed to adequately identify" some of the remaining defendants. *Id.*, at 2. Defendants also represent that, because of Plaintiff's inadequate identification, they are unable to provide last-known addresses for the following persons: Camacho, Carbajal, and Ferguson. *Id.*, at 2. Defendants further represent that they would be in a better position to identify the former employees if Plaintiff could provide additional details on these persons which, they contend, alleviates the need for a private investigator's services. *Id.*, at 2. On June 11, 2014, Defendants filed, under seal, the last-known addresses for the following persons: Schaff, Scilla, Camacho, Carbajal, Ferguson, and Skolnik. Docket No. 43. Defendants represent that they do not have a last-known address on file for Mohlenkamp. *Id.*, at 2.

On June 17, 2014, Plaintiff filed his reply. Docket No. 45. Plaintiff contends that Defendants' offer to provide the last-known addresses under seal "falls short of what is required to further this matter to conclusion. *Id.*, at 3.

Plaintiff's instant motion concerns funding, because only litigants who need funding need permission to hire a private investigator. The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989) (citing *United States v. MacCollom,* 426 U.S. 317, 321, 96 S.Ct. 2086, 2089, 48 L.Ed.2d 666 (1976)). The two potential sources of Congressional authorization are 28 U.S.C. § 1915 and 18 U.S.C.

---

Skolnik, Yo Camacho, and Yo Carbajal. Docket No. 41, at 2.

§ 3006A.  First, "[t]he *in forma pauperis* statute, 28 U.S.C. § 1915, does not authorize the expenditure of funds for a private investigator." *Covarrubias v. Gower*, 2014 WL 342548, *1 (N.D. Cal. Jan. 28, 2014) (citing *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989) (pauper statute does not waive the payment of fees or expenses for an indigent's witnesses)).  Second, the Criminal Justice Act, 18 U.S.C. § 3006A, does not apply because this is a civil, and not a criminal, case.  Thus, no Congressional authorization exists for the appointment of a private investigator.

## CONCLUSION

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Plaintiff's Motion for Appointment of Private Investigator for Limited Scope of Services (Docket No. 41) is DENIED.  The Court's decision not to provide funds or appoint a private investigator in no way precludes Plaintiff from hiring and paying for his own investigator.

DATED: August 19, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge