UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RONALD R. SANTOS,<br><br>                    Plaintiff(s),<br><br>vs.<br><br>AWD ISIDRO BACA, et al.,<br><br>                    Defendant(s). | Case No. 2:11-cv-01251-KJD-NJK<br><br>ORDER DENYING MOTION TO COMPEL<br><br>(Docket No. 71) |

     Pending before the Court is Plaintiff's Motion to Compel, filed on October 27, 2014. Docket No. 71. For the reasons discussed below, the motion is hereby **DENIED** without prejudice.

     The Court's initial inquiry regarding a motion to compel is whether the movant made adequate meet and confer efforts. Federal Rule of Civil Procedure 37(a)(1) requires that a motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer" with the non-responsive party. Similarly, Local Rule 26-7(b) provides that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have not been able to resolve the matter without Court action."

     The case law in this District is clear that "personal consultation" means the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171-72 (D. Nev. 1996). This obligation

1  "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes." *Id*. This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*. "Only after all the cards have been laid on the table, and a party has meaningfully assessed the relative strengths and weaknesses of its position in light of all available information, can there be a 'sincere effort' to resolve the matter." *Id.* To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170.

Plaintiff did not file a certification in accordance with Local Rule 26-7(b). *See* Docket No. 71. Plaintiff claims that he is exempt from this requirement because the request would be futile and the "documents do not currently exist." *Id.*, at 3. However, Local Rule 26-7(b) does not provide exemptions from the personal consultation requirement for discovery motions. Thus, Plaintiff has not followed the Local Rules for the purposes of this motion. Accordingly, the motion to compel is hereby **DENIED** without prejudice.

IT IS SO ORDERED.

DATED: November 5, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge