UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RONALD R. SANTOS,<br><br>           Plaintiff(s),<br><br>vs.<br><br>ISIDRO BACA, et al.,<br><br>           Defendant(s). | Case No. 2:11-cv-01251-KJD-NJK<br><br>ORDER<br><br>(Docket No. 70) |

Pending before the Court is Plaintiff's motion for order to extend prison copy work limits. Docket No. 70. The Court has considered Plaintiff's motion, Defendants' response, and Plaintiff's reply. Docket Nos. 70, 79, 83. For the reasons discussed below, the Court grants in part and denies in part Plaintiff's motion for order to extend prison copy work limits.

**I. Background**

Plaintiff, an inmate in solitary confinement, is proceeding in this action *pro se*, but not *in forma pauperis*. On February 13, 2012, the Court reviewed Plaintiff's Complaint under 28 U.S.C. § 1915(a), and allowed Plaintiff to file an amended complaint. Docket No. 7. Plaintiff filed an amended complaint on May 14, 2012. Docket No. 11. The Court screened Plaintiff's Amended Complaint and stayed the action for ninety days to allow the parties an opportunity to settle the dispute. Docket No. 15.

The parties participated in an inmate early mediation conference, but no settlement was reached. Docket No. 20. On May 24, 2013, the Court lifted the stay. Docket No. 22. On October

29, 2013, Plaintiff filed his Second Amended Complaint.  Docket No. 36.  Defendants filed their Answer to Plaintiff's Second Amended Complaint on October 2, 2014, and the Court entered a scheduling order the following day.  Docket Nos. 63, 64.  Pursuant to that scheduling order, discovery in this action shall be completed on or before January 1, 2015.  Docket No. 64, at 1.

**II.  Analysis**

Plaintiff asks the Court to order the Nevada Department of Corrections ("NDOC") to increase his prison photocopy budget.  Docket No. 70.  In response, Defendants argue that Plaintiff should create an itemization of the copies he has already made and what copies he believes are necessary to prosecute this action.  Docket No. 79, at 2.  In reply, Plaintiff states that, because he does not know what Defendants may present in discovery, he cannot submit an itemized copy work budget.  Docket No. 83, at 2.  Plaintiff proposes that the Court increase his copy work budget by $75.  *Id.*

Plaintiff does not have a constitutional right to free photocopying. *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991) (*citing Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir.1989) ("numerous courts have rejected any constitutional right to free and unlimited photocopying")).  Pursuant to NDOC administrative regulation 722.01(7)(D), inmates "can only accrue a maximum of $100 debt for copy work expenses for all cases, not per case."[1]  The Ninth Circuit has concluded that "an inmate has a right to photocopying . . . when, and only when, necessary to guarantee him meaningful access to the courts." *Hiser v. Franklin*, 94 F.3d 1287, 1294 n. 6 (9th Cir. 1996).  In this District, a court can order a prison to provide limited photocopying "when it is necessary for an inmate to provide copies to the court and other parties." *Allen v. Clark Cnty. Det. Ctr.*, 2011 WL 886343, at *2 (D. Nev. Mar. 11, 2011) (finding that the plaintiff had demonstrated a need to increase the copy work limit when he provided a copy of his inmate account statement showing a negative balance of $199 and the case was pending appeal before the Ninth Circuit).

Here, Plaintiff has shown the need for additional photocopying.  Plaintiff has provided his NDOC Daily Transaction Summary indicating he has almost reached his $100 debt for copy work expenses.  Docket No. 70, at 3-4.  Because this case is in the early stage of litigation and discovery

---

[1] The regulation also provides that carbon paper shall be made available to any inmate who requests it for legal purposes.

- 2 -

1  is still ongoing, Plaintiff has demonstrated the need to have his prison copy work limit increased by
2  $30.  The Court advises Plaintiff, however, that he should use his copying privileges sparingly, and
3  utilize carbon paper to duplicate documents when possible.

### III.  Conclusion

Based on the foregoing, and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's motion for order to extend prison copy work limits (Docket No. 70) is hereby **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that the Nevada Department of Corrections shall increase Plaintiff's copy work limit so that he is allotted an additional $30 worth of copy privileges.

DATED: December 2, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge