# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RONALD R. SANTOS, | |
| Plaintiff(s), | Case No. 2:11-cv-01251-KJD-NJK |
| vs. | ORDER |
| ISIDRO BACA, et al., | (Docket Nos. 129, 130) |
| Defendant(s). | |

Pending before the Court is Plaintiff's motion for reconsideration of the Court's June 24, 2015, Order staying the proceedings for 90 days and vacating the hearing previously set for June 29, 2015. Docket Nos. 129. Also pending before the Court is Plaintiff's motion to extend time to reply to Defendants' oppositions at Docket Nos. 123 and 124. Docket No. 130. Defendants filed responses to the motions on July 17, 2015. Docket Nos. 132, 133.

On June 24, 2015, the Court granted Plaintiff's motion for a 90-day stay of all proceedings. Docket No. 128. Plaintiff represented that he was on under suicide watch and, therefore, was unable to obtain his legal mail. Docket No. 127. The Court vacated the previously set hearing and denied all pending motions without prejudice, including Plaintiff's motion to extend the discovery deadline and his motion to exceed interrogatory limit. Docket No. 128.

On July 6, 2015, Plaintiff filed the pending motions requesting that the Court reconsider its June 24, 2015, order and extend time for Plaintiff to file replies in support of his motion to extend the discovery deadline and his motion to exceed interrogatory limit. Docket Nos. 129, 130. Plaintiff represents that, at the time of his filing of the motion to stay, he assumed he would be without his property for a long period of time because he was on suicide watch. Docket No. 130, at 2. However,

1  Plaintiff represents that he was discharged from the Mental Health Unit after five days of being on
2  suicide watch. *Id.*, at 2. Plaintiff represents that he now has access to his personal property and is
3  able to proceed with this case. *Id.*, at 2. Thus, Plaintiff requests that the Court lift the stay on this
4  case and reconsider his discovery motions that were denied without prejudice.

5  Defendants filed responses on July 17, 2015. Docket Nos. 132, 133. Defendants do not
6  object to the Court ruling on Plaintiff's discovery motions on their merits, but request that Plaintiff
7  resubmit his motions to allow for a cleaner record and for the inclusion of supplemental information
8  regarding the discovery exchange that has occurred since Plaintiff filed the motions. Docket No.
9  132, at 3. Defendants also represent that they do not object to an extension of time for Plaintiff to
10 file replies in support of his motion to extend the discovery deadline and his motion to exceed
11 interrogatory limit. Docket No. 133, at 2.

12 Reconsideration is appropriate if the court: (1) is presented with newly discovered evidence;
13 (2) committed clear error, or the initial decision was manifestly unjust; or (3) if there is an
14 intervening change in controlling law. *Dixon v. Wallowa County*, 336 F.3d 1013, 1022 (9th Cir.
15 2003). Because Plaintiff is no longer on suicide watch, the Court hereby **LIFTS** the 90-day stay.

16 The Court finds that, since supplemental discovery exchanges have occurred, this information
17 is necessary for the Court to rule on any discovery motions. Therefore, no later than August 17,
18 2015, Plaintiff shall re-file his discovery motions, including any supplemental information regarding
19 the discovery disputes that has occurred since Plaintiff initially filed the motions. Accordingly,
20 Plaintiff's motion for reconsideration (Docket No. 129) is hereby **GRANTED** in part and **DENIED**
21 in part and Plaintiff's motion to extend time to file replies (Docket No. 130) is hereby **DENIED** as
22 moot.

23 IT IS SO ORDERED.
24 DATED: July 20, 2015

26 _____
27 NANCY J. KOPPE
   United States Magistrate Judge