UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RONALD R. SANTOS,<br><br>        Plaintiff(s),<br><br>vs.<br><br>ISIDRO BACA, et al.,<br><br>        Defendant(s). | Case No. 2:11-cv-01251-KJD-NJK<br><br>ORDER<br><br>(Docket Nos. 136, 137, 139) |

Pending before the Court is Plaintiff's motion for an order to meet and confer between parties. Docket No. 136. Also pending before the Court is Plaintiff's motion for an order to permit Plaintiff to conduct telephonic deposition of Defendants and Plaintiff's motion for leave of court to serve up to ten additional interrogatories on Defendants. Docket Nos. 137, 139. The Court finds the motions properly resolved without oral argument. *See* Local Rule 78-2.

**I.     ANALYSIS**

The Court has already instructed Plaintiff that discovery motions will not be considered unless "a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have not been able to resolve the matter without Court action." Docket No. 75. On November 5, 2014, the Court denied without prejudice Plaintiff's motion to compel for his failure to file a certification in accordance with Local Rule 26-7(b). *Id.* The Court's Order explained that Plaintiff was not exempt from the personal consultation requirement for discovery motions. *Id.*, at 2.

1          Despite the Court's clear instructions, Plaintiff has filed two discovery motions without
2   including a certification in accordance with Local Rule 26-7(b). Docket Nos. 137, 139. Thus,
3   Plaintiff has not followed the Local Rules for the purposes of these motions. Accordingly, Plaintiff's
4   motion for an order to permit Plaintiff to conduct telephonic deposition of Defendants and Plaintiff's
5   motion for leave of court to serve up to ten additional interrogatories on Defendants (Docket Nos.
6   137, 139) are hereby **DENIED** without prejudice.

7          Plaintiff also filed a motion for the Court to order the parties to meet and confer before
8   Plaintiff re-files his motion to compel and/or for sanctions. Docket No. 136. As discussed
9   previously, the meet and confer requirement is not optional. As such, Plaintiff is required to have
10  a proper meet and confer with Defendants before re-filing his motion to compel and/or for sanctions,
11  as well as before filing any additional discovery motions in this case. Plaintiff does not need a Court
12  order to comply with this requirement. Moreover, Plaintiff does not represent that he has attempted
13  to conduct a meet and confer with Defendants' counsel before filing the present motion.

14         Plaintiff also appears to be requesting the Court to order the parties to enter settlement
15  negotiations. *Id.*, at 2. Plaintiff notes that he has put forth a settlement offer and has not received
16  a denial of his offer or a counteroffer from Defendants. Specifically, Plaintiff states that he "requests
17  this Court to 'encourage or require' the State to capitulate, or at least do something towards
18  resolution." *Id.*, at 2. It is well settled that the Court cannot force parties to settle a case, but it may
19  require attendance at a settlement conference. *See Wilson v. KRD Trucking W.*, 2013 WL 836995,
20  at *4 (D. Nev. Mar. 6, 2013) (citing *G. Heileman Brewing Co. v. Joseph Oat Corp.*, 871 F.2d 648,
21  650–53 (7th Cir.1989)(en banc)). As such, the Court cannot force Defendants' counsel to enter
22  settlement discussions with Plaintiff. To the extent either or both parties request a settlement
23  conference under Local Rule 16-5, they must file a motion or stipulation seeking such relief.

24         Accordingly, Plaintiff's motion for the Court to order the parties to meet and confer (Docket
25  No. 136) is hereby **DENIED**.
26  . . .
27  . . .
28  . . .

## II. CONCLUSION

For the reasons discussed above,

**IT IS SO ORDERED**:

1. Plaintiff's motion for an order to permit Plaintiff to conduct telephonic deposition of Defendants and Plaintiff's motion for leave of court to serve up to ten additional interrogatories on Defendants (Docket Nos. 137, 139) are hereby **DENIED** without prejudice.

2. Plaintiff's motion for the Court to order the parties to meet and confer (Docket No. 136) is hereby **DENIED**.

3. The parties are **ORDERED** to meet and confer to discuss all remaining discovery disputes. If they are unable to resolve the disputes in their entirety, the parties may bring renewed discovery motions no later than September 7, 2015.

DATED: August 11, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge