**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

RONALD R. SANTOS,                    )
                                     )
                Plaintiff(s),        )          Case No. 2:11-cv-01251-KJD-NJK
                                     )
vs.                                  )          ORDER
                                     )
ISIDRO BACA, et al.,                 )          (Docket No. 143)
                                     )
                Defendant(s).        )

Presently before the Court is Plaintiff's motion for a court order permitting him to communicate with four fellow inmates using "legal mail." Docket No. 143. Defendants filed a Response, and Plaintiff replied. Docket Nos. 146, 153.

**I.    BACKGROUND**

This a prisoner's civil rights case. Plaintiff claims that, *inter alia*, various policies at the Nevada Department of Corrections ("NDOC") have unconstitutionally and unlawfully limited the expression of his Jewish faith. Docket No. 36. Plaintiff's motion therefore seeks an order from the Court granting him the ability to communicate with four other Jewish inmates for the purpose of obtaining evidence relating to his claims using "legal mail." Docket No. 143 at 1. NDOC's Administrative Regulation 722.08 defines "legal mail" as privileged, confidential mail addressed to an attorney or legal representative. Docket No. 146-1 at 26. *See also* http://doc.nv.gov/About/Administrative_Regulations /Administrative_ Regulations__ 700_Series/. Plaintiff seeks to use legal mail because it would permit

1  him to have confidential communications with his fellow inmates.  Docket No. 143 at 2.

2  **II.     ANALYSIS**

3         Prison inmates enjoy a First Amendment right to send and receive mail.  *Thornburgh v. Abbot*,

4  490 U.S. 401, 407 (1989).   "However, these rights must be exercised with due regard for the

5  inordinately difficult undertaking that is modern prison administration."  *Id.* (citing *Turner v. Safley*,

6  482 U.S. 78, 85 (1987)) (internal quotations omitted).   "Running a prison . . . requires expertise,

7  planning, and the commitment of resources, all of which are peculiarly within the province of the

8  legislative and executive branches of government."  *Turner*, 482 U.S at 84-85.  "Prison administration

9  is, moreover, a task that has been committed to the responsibility of those branches, and separation of

10  powers concerns counsel a policy of judicial restraint."  *Id.*  Courts recognize that they "are ill equipped

11  to deal with the increasingly urgent problems of prison administration and reform, and, therefore, accord

12  deference to the appropriate prison authorities.  *Id.* (internal quotations omitted).   Accordingly, "a

13  prison may adopt regulations which impinge on an inmate's constitutional rights if those regulations are

14  reasonably related to legitimate penological interests."  *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir.

15  1995).  "Legitimate penological interests include security, order, and rehabilitation." *Id.*; *see also*

16  *Turner*, 482 U.S. at 93 (holding limitation on inmate-to-inmate correspondence was reasonably related

17  to the valid goals of institutional security and safety).

18         Plaintiff's request violates two NDOC Administrative Regulations ("AR"): AR 750.4 and AR

19  722.8.  Docket No. 146 at 2-3.  AR 750.04 prohibits correspondence between incarcerated persons who

20  are unrelated and are not co-defendants, while AR 722.8 limits the use of legal mail to correspondence

21  with an attorney or legal representative. Docket No. 146-1, 146-2. *See also* http://doc.nv.gov/About/

22  Administrative_Regulations/Administrative_ Regulations__ 700_Series/.

23         Here, Plaintiff does not seek leave to communicate with co-defendants or relatives, nor does he

24  desire to correspond with an attorney or a legal representative.  Rather, he desires this Court to issue an

25  order granting him the ability to have confidential correspondence with four fellow inmates.  Docket

26  No. 143 at 2.  Thus, Plaintiff asks this Court to authorize correspondence that would be violation of

27  NDOC's regulations. Consistent with the deference that courts accord prison authorities, the Court finds

28  that NDOC reasonably concluded that permitting confidential correspondence between inmates would

create obvious security risks.  Accordingly, Plaintiff's motion seeking a court order permitting him to communicate via legal mail with four fellow inmates is hereby DENIED.

**IT IS SO ORDERED.**

DATED: September 16, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge