**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| RONALD R. SANTOS, | ) | |
| Plaintiff(s), | ) | Case No. 2:11-cv-01251-KJD-NJK |
| vs. | ) | ORDER |
| ISIDRO BACA, et al., | ) | (Docket No. 151) |
| Defendant(s). | ) | |

Presently before the Court is Plaintiff Ronald Santos' motion for leave to serve up to ten additional interrogatories on Defendant Dwight Neven. Docket No. 151. Defendants filed a response, and Plaintiff replied. Docket Nos. 162, 172. For the reasons discussed below, the Court hereby **GRANTS** Plaintiff Santos leave to serve up to ten additional interrogatories on Defendant Neven.

**I.   FACTS**

This is a civil rights case. Plaintiff is a prisoner proceeding *pro se.* His Complaint asserts, *inter alia*, claims under the Free Exercise Clause and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc *et seq*. ("RLUIPA"). *See* Docket No. 36 at 10-22. It avers that Nevada Department of Corrections ("NDOC") policies impermissibly interfere with his ability to practice his Jewish faith. *Id*., at 9.

This particular discovery dispute relates to an NDOC administrative policy requiring a minimum of five inmates to sign up for a chapel service before a service is scheduled ("five-inmate rule"). Docket No. 151 at 2. Plaintiff argues that the rule violates the Free Exercise Clause and RLUIPA. Docket No. 172 at 2. In response to Plaintiff's first set of interrogatories, Defendants provided Plaintiff with

1  information relating to the five-inmate rule. Docket No. 162 at 2. Plaintiff then exhausted his
2  remaining interrogatories. Docket No. 151 at 1-2. Nearly six months later, using a request for
3  admissions, Plaintiff discovered that Defendant Neven wrote the five-inmate rule. Docket No. 172 at
4  1. Thereafter, Plaintiff moved for leave to file up to ten interrogatories on Defendant Neven regarding
5  the rationale behind the rule. Docket No. 151. It is this motion that is presently before the Court.

**II.   STANDARD**

A party must obtain leave of court to propound more than twenty-five interrogatories. Fed. R. Civ. P. 33(a)(1). This limitation is not intended "to prevent needed discovery, but to provide judicial scrutiny before parties make potentially excessive use of this discovery device." Advisory Committee Notes to the 1993 Amendments of Fed. R. Civ. P. 33. To secure the Court's leave, a party requesting additional interrogatories must make a particularized showing as to why additional discovery is necessary. *Ioane v. Spjute*, 2015 WL 1984835, at *1 (E.D. Cal. Apr. 30, 2015) (citing *Archer Daniels Midland Co. v. Aon Risk Services, Inc. of Minn.*, 187 F.R.D. 578, 586 (D. Minn. 1999)). A party satisfies this burden when she establishes that the additional interrogatories seek specific, discoverable information. *McNeil v. Hayes*, 2014 WL 1125014, at *2 (E.D. Cal. Mar. 20, 2014).

However, even where a party makes that showing, "leave may only be granted to the extent consistent with Rule 26(b)(2)." *Id*. Under Rule 26(b)(2), courts must limit discovery if the discovery sought is unreasonably cumulative, or the party seeking discovery has had ample opportunity to obtain the information. Fed. R. Civ. P. 26(b)(2)(i)-(iii).

**III.  ANALYSIS**

Here, Plaintiff has made the required particularized showing. His additional interrogatories will be directed at Defendant Neven, whom Plaintiff recently discovered was the author of the five-inmate rule. Docket No. 172 at 1-2. The interrogatories will seek to elicit the penological purpose behind the rule and whether the policy is the least restrictive policy available to NDOC. Docket No. 151 at 2. This information is relevant and discoverable. *See* Fed. R. Civ. P. 26(b)(1). Any contrary suggestion is unpersuasive. Accordingly, Plaintiff's showing suffices under *McNeil* and *Archer*.

Defendants' argument overstates the burden *Archer* imposes here. There, the party sought leave to notice "75 depositions and [serve] 50 interrogatories," and its request was "bereft of any showing that

1 specific [i]nterrogatories are required if [it were] to properly defend itself . . . ." *Archer Daniels*
2 *Midland Co.*, 187 F.R.D. at 581, 586. Contrary to Defendants' assertions, that is not the case here.
3 Plaintiff's motion offers the specific, discoverable information that he needs to obtain to assert his claim.

5 Further, Defendants fail to establish that Plaintiff's request is contrary to Rule 26(b)(2)'s
6 limitations. First, Defendants suggest that the discovery sought is unreasonably cumulative because
7 Defendant Neven's prior interrogatory responses are adequate, yet they fail to offer those responses to
8 the Court, or explain why they suffice. Docket No. 162 at 2. Second, Defendants imply that Plaintiff
9 already had an adequate opportunity to uncover the information that he seeks. *Id*. They argue that he
10 served similar interrogatories on other co-defendants, and neglected to direct his prior interrogatories
11 towards Defendant Neven. *Id*. These arguments; however, are misguided: they do not address
12 Plaintiff's primary contention that he only discovered Defendant Neven wrote the five-inmate policy
13 in May 2015, well after Plaintiff exhausted his interrogatories.
14 Finally, there is no evidence that Plaintiff crossed the line between legitimate, albeit clumsy,
15 pursuit of discoverable information and the abuse of the discovery process. That said, if Plaintiff
16 chooses to forego well-drafted, relevant interrogatories in favor of questionable ones, the consequences
17 are his to bear. Plaintiff is permitted only up to ten additional interrogatories, and the Court will not
18 entertain another motion for additional interrogatories.

19 IT IS SO ORDERED.
20 DATED: October 15, 2015

_____
Nancy J. Koppe
UNITED STATES MAGISTRATE JUDGE