**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RONALD SANTOS, ) | |
| ) | Case No. 2:11-cv-01251-KJD-NJK |
| Plaintiff(s), ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| ISIDRO BACA, et al., ) | (Docket No. 154) |
| ) | |
| Defendant(s). ) | |
| _____ ) | |

Pending before the Court is Plaintiff's motion for order allowing Plaintiff to conduct telephonic depositions of Defendants Isidro Baca, James Fowler, and Jennifer Nash.  Docket No. 154.  The Court has carefully considered Plaintiff's motion, Defendants' response, and Plaintiff's reply.  Docket Nos. 164, 173.

Defendants do not oppose Plaintiff taking the above referenced telephonic depositions.  Docket No. 164 at 2.  However, in addition to permission to conduct these depositions, Plaintiff requests that "the Court order the stenographer and telephonic arrangements, along with transcript services . . . ."  Docket No. 154 at 3.

Rule 30 of the Federal Rules of Civil Procedure governs the procedure by which depositions are taken.  "A party who wants to depose a person by oral questions must give reasonable written notice to every other party."  Fed.R.Civ.P. 30(b)(1).  "The party who notices the deposition must state in the notice the method for recording the testimony."  Fed.R.Civ.P. 30(b)(3)(A). The noticing party must also bear costs of recording the deposition.  *Id*.  In addition, that party must arrange for an officer to conduct the depositions (absent a stipulation by all parties otherwise).  Fed.R.Civ.P. 30(b)(5)(A).

1 | The Court cannot order "Defendants to arrange for Plaintiff to take their depositions." *See Pitts v. Davis*, 2014 WL 29723, at *9 (E.D. Cal. Jan. 3, 2014) *report and recommendation adopted in part, rejected in part, on other grounds*, 2014 WL 2003092 (E.D. Cal. May 12, 2014). Moreover, the Supreme Court has made it clear that "[J]udges have no obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004). To do so "would undermine [the] judge's role as [an] impartial decisionmaker[]." *Id.* As such, it is not the Court's responsibility to arrange Plaintiff's depositions.

Accordingly, Plaintiff's motion is hereby GRANTED as to his request that he be allowed to take the telephonic depositions of Defendants Baca, Fowler, and Nash, and DENIED as to his request that the Court schedule his depositions for him and arrange payment or billing.

IT IS SO ORDERED.

Dated: October 23, 2015

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE