**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| RONALD R. SANTOS, | ) | |
| Plaintiff(s), | ) | Case No. 2:11-cv-01251-KJD-NJK |
| vs. | ) | ORDER |
| ISIDRO BACA, et al., | ) | (Docket No. 171) |
| Defendant(s). | ) | |

Presently before the Court is Plaintiff's motion for a court order permitting him to communicate with other inmates using regular mail. Docket No. 171. Defendants filed a Response, and Plaintiff replied. Docket Nos. 177, 202. The Court finds oral argument is not necessary to resolve this motion. *See* Local Rule 78-2. For the reasons stated below, Plaintiff's motion is hereby **DENIED**.

**I.     BACKGROUND**

This a prisoner's civil rights case. Plaintiff claims that, *inter alia*, various policies at the Nevada Department of Corrections ("NDOC") have unconstitutionally and unlawfully limited the expression of his Jewish faith. Docket No. 36. Plaintiff's motion therefore seeks an order from the Court granting him the ability to communicate with six other Jewish inmates for the purpose of obtaining evidence relating to his claims using regular mail. Docket No. 171 at 1.

**II.    ANALYSIS**

Prison inmates enjoy a First Amendment right to send and receive mail. *Thornburgh v. Abbot*,

490 U.S. 401, 407 (1989). "However, these rights must be exercised with due regard for the inordinately difficult undertaking that is modern prison administration." *Id.* (citing *Turner v. Safley*, 482 U.S. 78, 85 (1987)) (internal quotations omitted). "Running a prison . . . requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government." *Turner*, 482 U.S at 84-85. "Prison administration is, moreover, a task that has been committed to the responsibility of those branches, and separation of powers concerns counsel a policy of judicial restraint." *Id.* Courts recognize that they "are ill equipped to deal with the increasingly urgent problems of prison administration and reform, and, therefore, accord deference to the appropriate prison authorities." *Id.* (internal quotations omitted). Accordingly, federal courts routinely uphold limitations on inmate-to-inmate correspondence. *See, e.g., Turner*, 482 U.S. at 93.

Nevada Department of Corrections Administrative Regulation ("AR") 750.04 prohibits correspondence between incarcerated persons who are unrelated and are not co-defendants. Docket No. 177-1 at 9. Plaintiff does not seek leave to communicate with co-defendants or relatives. Instead, he seeks a court order permitting him to engage in inmate-to-inmate communications. *See* AR 750.04(1)(B). Defendants counter that such communications present serious security risks. Docket No. 177 at 3.

Consistent with the deference that courts accord prison authorities, the Court finds that Defendants' security concerns are reasonable, and, therefore, declines to issue an order permitting Plaintiff to engage in inmate-to-inmate communications via regular mail. Plaintiff's position is particularly unpersuasive in light of the dearth of legal authority supporting his position. *See Sikorski v. Whorton*, 631 F. Supp. 2d 1327, 1351 (D. Nev. 2009) ("defendants may entirely prohibit correspondence between inmates based on security concerns"); *Ross v. Krueger*, 2014 WL 553234, at *4 (D. Nev. Feb. 7, 2014) (denying request for inmate-to-inmate correspondence); *Santos v. Baca*, 2015 WL 5474543, at *2 (D. Nev. Sept. 16, 2015) (denying Plaintiff's prior request on similar grounds).

. . . .

. . . .

. . . .

1 Accordingly, Plaintiff's motion (Docket No. 171) seeking a court order permitting him to communicate
2 with other inmates via regular mail is hereby **DENIED**.

**IT IS SO ORDERED.**

DATED: November 4, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge