UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RONALD SANTOS, | |
| Plaintiff(s), | Case No. 2:11-cv-01251-KJD-NJK |
| vs. | ORDER |
| ISIDRO BACA, et al., | (Docket Nos. 165, 166, 203) |
| Defendant(s). | |

Pending before the Court are Plaintiff's motion to compel, motion for sanctions, and motion for delay of ruling. Docket Nos. 165, 166, 203. Defendants responded, and Plaintiff replied. Docket Nos. 178, 179, 200. Plaintiff later filed a motion for delay of ruling. Docket No. 203. The Court finds that a hearing on these motions is not needed. *See* Local Rule 78-2. For the reasons stated below, the motion to compel (Docket No. 165) is hereby **DENIED**, and, therefore, Plaintiff's accompanying request for sanctions (Docket No. 166) is also **DENIED**. Further, for the reasons discussed below, Plaintiff's motion for delay of ruling (Docket No. 203) is also **DENIED**.

This discovery dispute arises from a civil rights case between a *pro se* prisoner and various prison officials. On August 28, 2015,[1] Plaintiff, Senior Deputy Attorney Andrea Barraclough, and

---

[1] There is some discrepancy regarding the exact date of this meeting. Plaintiff alleges this meeting occurred on August 27, 2015. Docket No. 165 at 2. Defendants' correspondence also indicates the meeting occurred on that date. Docket No. 179-2 at 1. However, the exact date is immaterial to the forthcoming analysis.

Deputy Attorney General Mercedes Menendez telephonically met and conferred regarding the parties' numerous discovery disputes. Docket No. 179 at 2. The parties reached an agreement ("August Agreement") on the contested issues. *Id.* However, disagreements over the August Agreement soon arose, and a torrent of motions quickly followed. *See* Docket Nos. 151, 152, 154, 156, 165, 166, 191, 193, 194, 203.

The motion to compel before the Court is one of five such motions that Plaintiff has filed in this case. *See* Docket Nos. 71, 106, 152, 165, 191. Plaintiff's motion seeks an order compelling Defendants to respond to six items of discovery: (1) a request for production of documents sent to Defendant Neven on May 27, 2015 ("first item"); (2) interrogatories sent to Defendant Connett ("second item"); (3) interrogatories sent to Defendant Morrow ("third item"); (4) former inmate Keith Stobough's next of kin information[2] ("fourth item"); (5) a request for production of photographs ("fifth item"); and (6) a request for production of High Desert State Prison's Unit Shift Logs from November 12, 2010 to November 18, 2010 ("sixth item").

## I. PREREQUISITES TO JUDICIAL REVIEW

### A. Meet and Confer Requirement

Fed. R. Civ. P. 37's[3] meet and confer requirement serves an important policy. It operates "to lessen the burden on the court and reduce the unnecessary expenditure of resources by litigants, through the promotion of informal, extrajudicial resolution of discovery disputes." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev.1993). *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166 (D. Nev. 1996) lays out the two prongs that the parties must meet to satisfy Rule 37's meet and confer requirement. First, the moving party must certify that he attempted to "personally resolve the discovery dispute." *Id*. at 170. Second, the moving party must set forth facts "sufficient to enable the court to pass a preliminary judgment on the adequacy and sincerity of the good faith conferment between the parties."

---

[2] Neither party explains what discovery instrument, if any, Plaintiff attempted to use to gather this information.

[3] References hereinafter to "Rule" are to the Federal Rules of Civil Procedure unless otherwise noted.

*Id.* at 171. To accomplish the underlying policy behind Rule 37, the movant must show a "genuine attempt to resolve the discovery dispute through non-judicial means." *Id*.

Here, Plaintiff and Defendants' counsel telephonically reached an agreement regarding their various discovery disputes on August 28, 2015. Docket No. 179 at 2. Yet, when disputes over the August Agreement arose, rather than conferring with Defendants' counsel, Plaintiff filed a flurry of discovery motions. *See* Docket Nos. 151, 152, 154, 156, 165, 166, 191, 192, 193, 194, 203. Attached to Plaintiff's motion is a certification that he met and conferred with Defendants' counsel before filing the motions presently before the Court. Docket No. 165 at 6. However, that certification relates to the August 28, 2015 meeting, not the current discovery dispute – namely, whether Defendants complied with the August Agreement. Docket No. 165 at 6. As a result, Plaintiff fails to show a genuine attempt to resolve the present discovery dispute through non-judicial means.

**B. Full Text Requirement**

In addition to the Federal Rules of Civil Procedure, discovery motions are governed by Local Rule 26–7(a), which requires "all motions to compel discovery [to] set forth in full the text of the discovery originally sought and the response thereto, if any." Without the complete text of the requests and responses, if any, "[t]he Court cannot determine that particular responses . . . are improper." *Allstate Ins. Co. v. Balle*, 2013 WL 5323968, at *4 (D. Nev. Sept. 20, 2013); *Agarwal v. Oregon Mut. Ins. Co.*, 2013 WL 211093, at *3 (D. Nev. Jan. 18, 2013) (denying motion to compel, in part, for failure to comply with 26-7(a) because "judges are not like pigs, hunting for truffles buried in briefs"). "Practically speaking, the failure to comply with LR 26–7(a) improperly shifts the burden to the Court to sift through and root for issues that should be clear on the face of a discovery motion." *Taylor v. Aria Resort & Casino, LLC*, 2013 WL 2355462, at *4 (D. Nev. May 29, 2013).

Unfortunately, that is the case here. Plaintiff resorts to a blanket assertion that Defendants' counsel engaged in "deliberate efforts to thwart . . . Plaintiff's efforts to get . . . the truth." Docket No. 165 at 2. He then proceeds to list the text of his first and second request, but fails to provide how Defendants responded to those requests, if at all. Docket No. 165 at 2-3. Regarding the third, fourth, and fifth items, Plaintiff details Defendants' response, but not the text of the request. *Id*., at 3-4. Turning to the final item, the sixth item, the Court finds that Plaintiff complied with Local Rule 26-7(a) by

providing the text of the response and Defendants' response. *Id.*, at 4. Accordingly, Plaintiff's requests, except for final one, do not satisfy Local Rule 26-7(a).

### C. Decision on the Merits

These deficiencies are glaring in light of Plaintiff's representation that he submitted his motion "[i]n compliance with LR 26-7" and "pursuant to Rule 37(a)(1-4)[.]" Docket No. 165 at 1-2. Although the Court may deny a motion for failure to comply with these procedural requirements alone, the Court acknowledges the strong policy behind addressing motions on the merits. *See Argarwal*, 2013 WL 211093 (D. Nev. Jan. 18, 2013) (denying a motion to compel for failure to comply with procedural requirements); *but see U–Haul Co. of Nevada, Inc. v. Gregory J. Kamer, Ltd.*, 2013 WL 1249706 (D. Nev. Mar. 26, 2013) (exercising discretion to address the motion even though the court acknowledged the failure to comply with LR 26–7(a)). The Court therefore turns to the merits of Plaintiff's motion.

## II.     MOTION TO COMPEL

Where a party voluntarily provides the discovery that a motion to compel seeks, it moots the motion. *See Bryant v. Armstrong*, 285 F.R.D. 596, 606 (S.D. Cal. 2012) (denying motion to compel responses to interrogatories as moot because opposing party subsequently answered the interrogatories). In this case, Plaintiff moved to compel responses to six items, and Defendants indicate that they have now responded to all but one request – the third item. Docket No. 178 at 3-4. Plaintiff does not indicate otherwise. *See* Docket No. 200. Accordingly, except for that item, Plaintiff's motion to compel is moot.

Instead of addressing the implications of Defendants' intervening discovery responses, Plaintiff's reply attempts to dispute the adequacy of those responses. Docket No. 200. In other words, Plaintiff abandons his argument that Defendants should be ordered to respond to his requests (because they have) and, instead, argues that Defendants' responses are defective. *See id.*, at 2 (objecting to Defendants' privilege claims); *Id.*, at 3 (asking the Court to "scrutinize the two items Plaintiff . . . receive[d] last week). Plaintiff's reply therefore raises new issues and asserts new arguments. However, these arguments are procedurally improper because "[a] party is generally prohibited from raising new issues for the first time in its reply brief" as the opposing party is not afforded an opportunity to respond. *Queensridge Towers LLC v. Allianz Global Risk US Ins. Co.*, 2015 WL 1403479 at *3 (D. Nev. Mar. 26, 2015) (citing *Eberle v. City of Anahiem*, 901 F.2d 814, 818 (9th Cir. 1990)); *see also State of Nev.*

4

*v. Watkins*, 914 F.2d 1545, 1560 (9th Cir. 1990) ("[Parties] cannot raise a new issue for the first time in their reply briefs"); *Ass'n of Irritated Residents v. C & R Vanderham Dairy*, 435 F. Supp. 2d 1078, 1089 (E.D. Cal. 2006) ("It is inappropriate to consider arguments raised for the first time in a reply brief"). Plaintiff's arguments made in reply are therefore unavailing.

In summary, as discussed in more detail above, Plaintiff did not satisfy Rule 37(a)'s meet and confer requirement because he never conferred with Defendants' counsel about the parties' compliance with the August Agreement. Further, Plaintiff only complied with Local Rule 26-7(a) with respect to one lone discovery request – the sixth item. Finally, perhaps due to Plaintiff's failure to confer with Defendants, after the present motion was filed, Defendants largely provided Plaintiff with the discovery his motion seeks. Plaintiff's motion, except as to the third item, is therefore moot. Accordingly, since none of Plaintiff's requests satisfies both the prerequisites for judicial review and presents a live dispute, Plaintiff's motion to compel (Docket No. 165) is hereby **DENIED**.

### III. MOTION FOR SANCTIONS

Plaintiff also moves for sanctions under Rule 37(a)(4), which permits a party to recover reasonable expenses incurred in making a discovery motion. Docket No. 166. "The awarding of expenses and attorney's fees are not appropriate, however, where the moving party filed a motion without first making a good faith effort to obtain discovery through non-judicial channels." *Shuffle Master, Inc.*, 170 F.R.D. at 173. As discussed above, Plaintiff failed to make this effort. Moreover, although not a defense to an award of expenses under Rule 37, the Court takes into "consideration Defendants' diligent conduct in responding to Plaintiff's discovery requests after the motion was filed." *Cook v. Taser Int'l, Inc.*, 2006 WL 1520243, at *4 (D. Nev. May 26, 2006). This factor suggests sanctions are especially inappropriate in the instant case. Plaintiff's request is therefore **DENIED**.

### IV. MOTION FOR DELAY OF RULING

Finally, Plaintiff filed a motion for delay of ruling on his motion to compel and motion for sanctions. Docket No. 203. Plaintiff argues that a delay is warranted because he erroneously omitted various exhibits to his reply. *Id*., at 2. However, because Plaintiff has now submitted those exhibits (Docket No. 207), the Court hereby denies this motion (Docket No. 203) as moot.

### III. CONCLUSION

Based on the foregoing,

1.  **IT IS HEREBY ORDERED** that Plaintiff's motion to compel (Docket No. 165) is **DENIED**.
2.  **IT IS FURTHER ORDERED** that Plaintiff's motion for sanctions (Docket No. 166) is **DENIED**.
3.  **IT IS FURTHER ORDERED** that Plaintiff's motion for delay of ruling (Docket No. 203) is **DENIED** as moot.

DATED: November 10, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge