UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RONALD SANTOS, | Case No. 2:11-cv-01251-KJD-NJK |
| Plaintiff(s), | |
| vs. | ORDER |
| ISIDRO BACA, et al., | (Docket No.152) |
| Defendant(s). | |

Pending before the Court is Plaintiff's motion to compel. Docket No. 152. The Court has carefully considered Plaintiff's motion, Defendants' Response (Docket No. 167) and Plaintiff's Reply (Docket No. 186). On October 21, 2015, the Court ordered supplemental briefing, no later than November 6, 2015, on the issue of whether Defendants may assert documents are privileged based on state regulations in a case brought under 42 U.S.C. § 1983. Docket No. 189. To date, Defendants have failed to comply. *See* Docket. The Court finds that a hearing on these motions is unnecessary. *See* Local Rule 78-2. For the reasons discussed below, Plaintiff's motion to compel (Docket No. 152) is hereby **GRANTED** in part and **DENIED** in part.

This discovery dispute arises from a civil rights case between a *pro se* prisoner and various prison officials, who, at the time, worked for the Nevada Department of Corrections ("NDOC"). On or around August 27, 2015, Plaintiff, Senior Deputy Attorney Andrea Barraclough, and Deputy Attorney General Mercedes Menendez telephonically met and conferred regarding the parties' numerous discovery disputes. Docket No. 152 at 5. As a result of that meeting, the parties were able to reach an agreement on many contested issues. Defendants maintained, however, that Plaintiff's remaining

requests sought privileged information. *Id.* After Defendants advised Plaintiff that a motion to compel would be required to obtain that information, he filed motion to compel presently before the Court. Docket No. 152.

**I.    STANDARDS**

Rule 26(b) of the Federal Rules of Civil Procedure governs the scope of discovery. Fed. R. Civ. P. 26(b)(1). At issue here are two limitations Rule 26(b) places on discovery.

The first limitation is that the matter sought must be relevant. Under the Federal Rules of Civil Procedure, the parties may obtain discovery regarding any matter that is "relevant to the subject matter involved in the pending action." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at . . . trial, if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The scope of discovery under the Federal Rules is broad. A relevant matter is "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Because discovery is designed to define and clarify the issues, it is not limited to only those specific issues raised in the pleadings. *Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992) (citing *Oppenheimer*, 437 U.S. at 351). Rather, the question of relevancy should be construed "liberally and with common sense." *Miller*, 141 F.R.D. at 296.

The second limitation is that the matter sought must be nonprivileged. Fed. R. Civ. P. 26(b)(1). Federal law controls questions of privilege in federal question cases such as the instant case. *NLRB v. N. Bay Plumbing, Inc.*, 102 F.3d 1005, 1009 (9th Cir. 1996). Strong policy considerations underlie this choice of law, as other courts have explained:

> It . . . would make no sense to permit state law to determine what evidence is discoverable in cases brought pursuant to federal statutes whose central purpose is to protect citizens from abuses of power by state and local authorities. If state law controlled, state authorities could effectively insulate themselves from constitutional norms simply by developing privilege doctrines that made it virtually impossible for plaintiffs to develop the kind of information they need to prosecute their federal claims.

*Kelly v. City of San Jose*, 114 F.R.D. 653, 656 (N.D. Cal. 1987). As a result, state law, including state regulations and administrative codes, does not control the applicability of privilege here. *Hooks v. Bannister*, 2014 WL 6772989, at *6 (D. Nev. Dec. 2, 2014). In contrast to many state law privileges,

"[f]ederal law governing privilege has not been codified." *Hooks*, 2014 WL 6772989, at *6. Rather, privileges have been developed at common law. *Id.* (citing Fed. R. Evid. 501). Federal courts recognize a qualified privilege for official information, into which courts incorporate the confidentiality interests embodied in some state law privileges. *Id.* (integrating confidentiality interests reflected in state administrative regulations into official information privilege analysis). For example, "[p]ersonnel files and complaints made against government employees have been considered official information." *Pinder v. Baker*, 2015 WL 540431, at *2 (D. Nev. Feb. 10, 2015) (citing *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir.1990)). However, "the official information privilege is a qualified one that must be formally asserted and delineated in order to be raised properly." *Cathey v. City of Vallejo*, 2015 WL 5734858, at *6 (E.D. Cal. Sept. 29, 2015) (internal quotation and citations omitted). The party invoking this privilege must make a substantial threshold showing. *Id*. (finding party opposing discovery failed to make the requisite showing). After a party makes this showing, courts must engage in a balancing analysis to determine whether the potential benefits of disclosure outweigh the potential disadvantages.[1] *Pinder*, 2015 WL 540431, at *2.

## II. ANALYSIS

Plaintiff's motion to compel pertains to four requests for production: (1) a request for Correctional Officers Fidel Camacho and Mark Carabajal's ("the Officers") employment records; (2) a request for written records indicating the inmates placed in Operations Unit Holding Cells at High Desert State Prison ("HDSP") between 2010 and 2011; (3) a request for a record of all inmates eating a Kosher diet during 2010 and 2011; and (4) a request for documents relating to any disciplinary action taken against Correctional Officer James Fowler in regards to grievance number 2006-29-09713. Docket No. 152 at 2-3. The Court will address each request in turn.

//

//

//

---

[1] The Court ordered supplemental briefing on this issue (Docket No. 189), but Defendants failed to comply. *See* Docket. Because no party invoked this privilege, the Court declines to address it *sua sponte*.

A. The Officers' Employment Records

The Court turns to the first disputed request. The text of the request is as follows:

> Request No. 10 – A written record of former NDOC Correctional Officers Fidel Camacho and Mark Carabajal's history while employed, including reason(s) [sic] both officers are no longer employed by NDOC, any history of departmental reprimands, disciplinary issues while employed, and record [sic] of any and all negative reports, including grievances on record against either officer, if available.

*Id.* at 2. Defendants refuse to produce these documents, contending that the request seeks irrelevant and privileged information.

Defendants' relevance argument is unpersuasive. Plaintiff asserts that these records will help establish whether the Officers harassed him and whether the Officers were terminated for cause as a result of that harassment. Docket No. 152 at 2; 186 at 2. Defendants respond that Plaintiff's request seeks no additional relevant information because Defendants have already provided Plaintiff with the Officers' last known addresses. Docket No. 167 at 3. Defendants assert that "[i]t is unclear what other information [Plaintiff] believes he will find in these employment jackets." *Id.* However, Plaintiff's request seeks more than the Officers' last known addresses, and there is no contention that responsive documents only contain that information. Disciplinary information within those records falls inside the relatively broad scope of discovery as it appears reasonably calculated to lead to the discovery of admissible evidence. Having made an initial showing of relevancy, Plaintiff has satisfied his burden that this information is relevant and discoverable.

Defendants' second argument for refusing discovery, reliant upon the State of Nevada's Administrative Regulations, is also unavailing. Defendants assert that the information sought is protected by Nevada Administrative Code 284 *et seq.*, and, therefore, "clearly qualif[ies] as confidential . . . ." Docket No. 167 at 2. However, as discussed above, federal law governs privilege issues in § 1983 cases brought in federal court. The Court joins numerous other courts in agreeing that to hold otherwise would be contrary to law and would undermine the purpose behind § 1983. *See, e.g., Manley v. Zimmer*, 2013 WL 5592328, at *11 (D. Nev. Oct. 9, 2013); *Cross v. Jaeger*, 2015 WL 1412845, at *4 (D. Nev. Mar. 27, 2015); *Pinder*, 2015 WL 540431, at *2 (D. Nev. Feb. 10, 2015). Further, Defendants failed to address whether any other privilege applies, despite the Court's order for supplemental briefing. The Court declines to address the issue *sua sponte*.

In his Reply, Plaintiff agrees to have the Officers' private personal information blacked out. Docket No. 186 at 2. Accordingly, Plaintiff's motion to compel a response to his tenth request for production is **GRANTED**. Defendants shall provide Plaintiff with responsive documents[2] with the Officers' private personal information redacted.

### B. Records of Inmates Held in Operations Unit Holding Cells at HDSP

The Court turns to the second disputed request, which reads:

> Request No. 15 – Any written records of inmates placed in Operation's [sic] Unit Holding Cells, if available, during 2010 and 2011. (at [sic] HDSP).

Docket No. 152 at 2. Defendants refused to provide these records, arguing that they are irrelevant and confidential under Nevada Department of Corrections Administrative Regulation ("AR") 569. Regarding the latter, as discussed above, state regulations do not provide valid basis to resist discovery here. As to the former, Defendants contend that the request is irrelevant because Plaintiff has already identified another inmate living in the Operations Cell Holding Unit at HDSP, and, therefore, "it is unclear for what reason Plaintiff even needs the information . . . ." Docket No. 167 at 3. Plaintiff explains that he seeks this information in order to determine how many other inmates were subjected to the conditions in the Operations Unit Holding Cells. Docket No. 186 at 3. The Court finds that this information reasonably could lead to other matters on the issue of whether Defendants were deliberately indifferent to the conditions of confinement in the Operations Unit Holding Cell. *See* Docket No. 36 at 19 (Plaintiff's cruel and unusual punishment claim).

In his Reply, Plaintiff agrees to have the Prisoners' private personal information redacted. Docket No. 186 at 2. Accordingly, Plaintiff's motion to compel the production of documents responsive to his fifteenth request for production is **GRANTED**. Defendants shall provide those documents with the prisoners' private personal information redacted.

### C. Records of Inmates Receiving Kosher Diets

The Court turns to the third disputed request, which is as follows:

---

[2] Responsive documents are any documents regarding disciplinary issues, reprimands, and the reasons each person is no longer employed by NDOC.

> Request No. 12 – Record of all inmates receiving Kosher diet [sic] during each month of 2010-11.

Docket No. 152 at 2. Defendants object to this request on relevancy and confidentiality grounds. To the extent Defendants again rely on AR 569, their argument is unpersuasive for the reasons discussed above. However, Plaintiff offers no explanation beyond a conclusory assertion as to why this information is relevant. *See, e.g.*, Docket No. 152 at 3 (arguing that all requests are relevant). The Court finds that Plaintiff has failed to establish that anything beyond a tenuous connection between this case and that information exists. Accordingly, his motion to compel documents responsive to this request is hereby **DENIED**.

D. Disciplinary Actions Against James Fowler in Regards to Grievance Number 2006-29-09713

Plaintiff's final request for production reads:

> Request No. 14 – A written record of what, if any, actions were taken against Sgt. James Fowler in regards to Grievance No. 2006-29-09713, dated 12-5-10.

Docket No. 152 at 3. Defendants again make relevancy and privilege objections to Plaintiff's request. Because Defendants' privilege argument relies on Nevada Administrative Code 284 *et seq.*, it is unpersuasive for the reasons discussed above. Further, Defendants' boilerplate relevancy objections are unpersuasive. They argue that Plaintiff has failed to show this information is relevant to the present action. However, Plaintiff replies that these documents would help frame the November 15, 2010, incident that constitutes the underlying factual nucleus of this case. Docket No. 186 at 2. The Court concludes that records relating to this grievance constitute relevant discoverable material.

In his Reply, Plaintiff agrees to have Officer Fowler's irrelevant private personal information redacted. Docket No. 186 at 2-3. Accordingly, Plaintiff's motion to compel the production of documents responsive to his fourteenth request is **GRANTED**. Defendants shall provide those documents with Officer Fowler's private personal information redacted.

**II.  REASONABLE EXPENSES INCURRED IN BRIEFING THE MOTION TO COMPEL**

"[W]here a party's motion to compel is granted, the moving party is entitled to 'reasonable expenses incurred in making the motion, including attorney's fees.'" *Morrocco v. Hill*, 2013 WL 309013, *4 (D. Nev. Jan. 24, 2013) (citing Fed. R. Civ. P. 37(a)(5)(A)). "An award of expenses or fees is not appropriate if the (1) the moving party filed the motion before making a good faith effort to obtain

the discovery without court action; (2) the opposing party was substantially justified in its conduct; or (3) an award of expenses would be unjust." *Root v. Desert Palace*, 2011 WL 2461331, *1 (D. Nev. Jun. 17, 2011) (citing Fed. R. Civ. P. 37(a)(5)(A)(i-iii)).

Liberally construing Plaintiff's motion, as it must under *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), the Court finds that Plaintiff requests reasonable expenses incurred in making the present motion. *See* Docket No. 152 at 3 (citing Rule 37(a)(2)(A) rather than Rule 37(a)(5)(A)). Plaintiff is entitled to recover those expenses here because his motion to compel has been granted, in large part, and none of the exceptions to an award of costs is present. Plaintiff met and conferred with Defendants' counsel in good faith regarding this discovery dispute on or around August 27, 2015. Docket No. 179 at 2. The parties exchanged letters detailing their positions. *See id.* Yet, Defendants' counsel remained intractable, informing Plaintiff that he needed to file a motion to compel. *Id*. Further, Defendants were not substantially justified in their conduct, and an award of expenses is not unjust. Defendants unreasonably relied upon questionable legal bases in refusing to provide discovery. Even after the Court ordered supplemental briefing on the issue of privilege, Defendants failed to remedy their erroneous privilege assertions. Plaintiff, who is pro se, has no attorney fees; however, he has incurred osts including copying and postal expenses. Accordingly, the Court awards Plaintiff $10.00 in reasonable expenses incurred in filing his motion to compel.

//
//
//
//
//
//
//
//
//
//
//

### III. CONCLUSION

Based on the foregoing,

1. IT IS ORDERED that Plaintiff's motion to compel (Docket No. 152) is **GRANTED** in part and **DENIED** in part consistent with this Order. All discovery ordered by this Court must be provided to Plaintiff no later than November 30, 2015.

2. IT IS FURTHER ORDERED that Plaintiff's request for reasonable expenses is **GRANTED**, and Defendants shall pay Plaintiff $10.00, representing the reasonable expenses he incurred.

DATED: November 17, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge