# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RONALD SANTOS,

    Plaintiff,

v.

ISIDRO BACA, *et al.*,

    Defendants.

Case No. 2:11-CV-01251-KJD-NJK

**ORDER**

    Before the Court is Plaintiff's "Imminent Danger" Petition for a Preliminary Injunction and Motion for Order Barring Defendants from Transferring Plaintiff Back to Ely State Prison (##168,169). Defendants filed a response in opposition (#175), to which Plaintiff replied (#190).

Legal Standard

    The purpose of a preliminary injunction or temporary restraining order is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. Johnson v. Nguyen, 2015 WL 105826, at *8 (D. Nev. Jan. 7, 2015).

    A preliminary injunction is an "extraordinary and drastic remedy" that is "never awarded as of right." Munaf v. Geren, 553 U.S. 674, 689–90 (2008) (citations omitted).  Instead, in every case, the court "must balance the competing claims of injury and must consider the effect on each party of

the granting or withholding of the requested relief." <u>Winter v. Natural Resources Defense Council, Inc.</u>, 555 U.S. 7, 23 (2008) (internal quotation marks and citation omitted).  The instant motion requires that the Court determine whether Plaintiff has established the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. <u>Id.</u> at 20.

Additionally, the Prison Litigation Reform Act (PLRA) mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials. The PLRA provides, in relevant part:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Thus, § 3626(a)(2) limits the court's power to grant preliminary injunctive relief to inmates. <u>See</u> <u>Gilmore v. People of the State of California</u>, 220 F.3d 987, 999 (9th Cir.2000) ("Section 3626(a) ... operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators-no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum.").

<u>Analysis</u>

Here, Plaintiff requests a preliminary injunction against intentional damage to his mail, television and personal property, and intentional infliction of bodily harm by unknown NDOC officials. #168 at 2.  Plaintiff's requests are unrelated to the merits of his original claims of violations of the Religious Land Use and Institutionalized Persons Act or Cruel and Unusual Punishment (for allegedly unsafe prison conditions). #36 at 3,10-22.  The administrative grievance process provided for all inmates in NDOC custody, allows Plaintiff to commence a new action regarding the aforementioned alleged misconduct by NDOC officials.  However, filing a petition for a preliminary injunction regarding those allegations in the present, unrelated case is not appropriate.

Plaintiff has not demonstrated a probability of success on the merits or serious questions going to the merits of the present case and so his request is denied.

III. Conclusion

**IT IS HEREBY ORDERED** that Plaintiff's "Imminent Danger" Petition for a Preliminary Injunction and Motion for Order Barring Defendant's from Transferring Plaintiff Back to Ely State Prison (##168, 169) are **DENIED**.

DATED this 9th day of March 2016.

_____
Kent J. Dawson
United States District Judge

3