**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RONALD SANTOS, | Case No. 2:11-cv-01251-KJD-NJK |
| Plaintiff(s), | |
| vs. | ORDER |
| ISIDRO BACA, et al., | (Docket Nos. 231, 232) |
| Defendant(s). | |

Pending before the Court are Plaintiff's motion to compel and motion for sanctions. Docket Nos. 231, 232. For both motions, Defendants filed a response, and Plaintiff submitted a reply. Docket Nos. 236, 237, 238, 239. The Court finds the motions properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed below, the Court **GRANTS** Plaintiff's motion to compel, Docket No. 232, and motion for sanctions, Docket No. 231.

**I.    STANDARDS**

Rule 33 of the Federal Rules of Civil Procedure governs interrogatories.[1] Rule 33(a)(2) provides that: "An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact[.]" Fed.R.Civ.P. 33(a)(2). Often the phrase contention interrogatory is used imprecisely. *Nat'l Acad. of Recording, Inc. v. On Point Events, LP*, 256 F.R.D. 678, 682 (C.D. Cal. 2009). One district court illustrates this point:

---

[1] Unless otherwise specified, references to "Rules" refer to the Federal Rules of Civil Procedure.

> Some people would classify as a contention interrogatory any question that asks another party to indicate what it contends[.] Another kind of question . . . asks an opposing party to state all the facts on which it bases some specified contention. Yet another form of this category of interrogatory asks an opponent to state all the evidence on which it bases some specified contention. Some contention interrogatories ask the responding party to take a position, and then to explain or defend that position, with respect to how the law applies to facts. A variation on this theme involves interrogatories that ask parties to spell out the legal basis for, or theory behind, some specified contention.

*In re Convergent Tech. Sec. Litig.*, 108 F.R.D. 328, 332 (N.D. Cal. 1985). What is clear, however, is that Rule 33 does not permit interrogatories directed to issues of "'pure law,' *i.e.* legal issues unrelated to the facts of the case." Committee Note to 1970 amendment to Rule 33(b) (citation omitted). Instead, contention interrogatories should "call for the application of law to fact" so they may "narrow[] and sharpen[] the issues, which is a major purpose of discovery." *Id.* Accordingly, "[t]he only kind of interrogatory that is objectionable on the basis that it calls for a legal conclusion is one that extends to legal issues unrelated to the facts of the case." *Thomas v. Cate*, 715 F. Supp. 2d 1012, 1030 (E.D. Cal. 2010), *order clarified*, 2010 WL 797019 (E.D. Cal. Mar. 5, 2010).

## II.  DISCUSSION

Defendants stand on one objection and do not contend their answers otherwise suffice. Docket No. 236 at 3-4. They submit that, because Plaintiff has propounded invalid contention interrogatories, they do not need to be compelled to answer them. *Id.* at 4. Plaintiff replies that his contention interrogatories are permitted by Rule 33(a). Docket No. 239 at 2.

Initially, Defendants offer an "example of a valid contention interrogatory" and then complain that "none of . . . Plaintiff's . . . interrogatories follow this pattern." Docket No. 236 at 2-3 (citing *Thomas*, 715 F. Supp. 2d at 1030). Defendant's reliance on *Thomas* is misguided. There, the court simply overruled an objection to a contention interrogatory. *Id.* at 1029. It certainly did not hold up that interrogatory as the only allowable form for a contention interrogatory. In any event, it does not follow that an interrogatory is necessarily invalid because it differs from another interrogatory found to be valid. *See, e.g.*, *AngioScore, Inc. v. TriReme Med., Inc.*, 2014 WL 7188779, at *5 (N.D. Cal. Dec. 16, 2014) (finding a contention interrogatory that differs from the one in *Thomas* to be permissible).

Further, contrary to Defendants' arguments, none of the interrogatories is directed toward issues of pure law. For example, Request No. 21 asks Defendant Julio Calderin: "If [he] denies Request for Admission

No. 75, . . . why . . . the five inmate rule is not arbitrarily and capriciously applied[.]" Docket No 232 at 3. While this interrogatory may be objectionable on grounds not asserted (and therefore waived) by Defendants, it does not "seek a legal conclusion that extends to legal issues unrelated to the facts of the case." *Thomas*, 715 F. Supp. 2d at 1030, *order clarified*, 2010 WL 797019 (E.D. Cal. Mar. 5, 2010). Instead, it calls for "the application of law to fact" – namely, the basis on which Defendant Calderin relies to argue that the disputed policy is not applied arbitrarily or capriciously. "If, as a legal matter, Defendant [Calderin] contends that . . . [it is not so applied], then Defendant [Calderin] should say so and briefly explain why." *AngioScore, Inc.*, 2014 WL 7188779, at *5 (N.D. Cal. Dec. 16, 2014). The remaining requests follow this same pattern, implicating different facts and legal principals. *See* Docket No. 232 at 3-6.

Because Defendant's sole objection to Plaintiff's interrogatories is overruled, Plaintiff's motion to compel is **GRANTED**.

## II.    FEES AND COSTS

"[W]here a party's motion to compel is granted, the moving party is entitled to 'reasonable expenses incurred in making the motion, including attorney's fees.'" *Morrocco v. Hill*, 2013 WL 309013, *4 (D. Nev. Jan. 24, 2013) (citing Fed. R. Civ. P. 37(a)(5)(A)). "An award of expenses or fees is not appropriate if the (1) the moving party filed the motion before making a good faith effort to obtain the discovery without court action; (2) the opposing party was substantially justified in its conduct; or (3) an award of expenses would be unjust." *Root v. Desert Palace*, 2011 WL 2461331, *1 (D. Nev. Jun. 17, 2011) (citing Fed. R. Civ. P. 37(a)(5)(A)(i-iii)).

Plaintiff's motion to compel is accompanied by motion for sanctions. Docket No. 231. He contends that sanctions are warranted because his motion to compel was necessitated by Defendants' unreasonable refusal to "provide [the] disclosures in question." *Id*. at 2. Defendants respond that Defendants' counsel decided it "would be easier analyze the appropriate case law on the matter than to explain the notion of contention interrogatories to Plaintiff." Docket No. 237 at 2.

Plaintiff is entitled to recover expenses because his motion to compel has been granted, and none of the exceptions to an award of costs is present. Plaintiff met and conferred with Defendants' counsel in good faith regarding this discovery dispute, but Defendants' counsel decided that, rather than meaningfully conferring with Plaintiff, it would be easier to address the issue in motion practice. *Id*. (admitting that the parties did hold

an "amicable" meet and confer, but the parties' were unable to agree on the disputed discovery). Further, Defendants were not substantially justified in their conduct, and an award of expenses is not unjust. Defendants unreasonably relied upon questionable legal bases in refusing to provide discovery. Plaintiff has no attorney fees; however, he has incurred costs including copying and postal expenses. Docket No. 231 at 2. Accordingly, the Court awards Plaintiff $10.00 in reasonable expenses incurred in filing his motion to compel.

### III. CONCLUSION

Based on the foregoing,

1. IT IS ORDERED that Plaintiff's motion to compel (Docket No. 232) is **GRANTED**. Defendants must respond to Plaintiff's contention interrogations no later than May 6, 2016.

2. IT IS FURTHER ORDERED that Plaintiff's motion for sanctions (Docket No. 231) is **GRANTED**. Defendants shall pay Plaintiff $10.00, representing the reasonable expenses he incurred, no later than May 6, 2106.

DATED: April 21, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge