UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RONALD SANTOS,<br><br>                Plaintiff(s),<br>vs.<br><br>ISIDRO BACA, et al.,<br><br>                Defendant(s). | Case No. 2:11-cv-01251-KJD-NJK<br><br>ORDER<br><br>(Docket No. 240) |

Pending before the Court is Plaintiff's motion to compel acceptance of service. Docket No. 240. Defendants failed to respond. *See* Docket. The Court finds the motion properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed below, the Court **DENIES** Plaintiff's motion.

This is a prisoner's civil rights case. Plaintiff argues that the Court should compel the Nevada Department of Corrections ("NDOC") to accept service for Defendants Burson, Camacho, and Carabajal. Docket No. 240 at 1. Additionally, Plaintiff contends that the Court should sanction NDOC because it did not accept service on their behalf. *Id.* at 4.

Defendant Burson was served, and the Attorney General's Office for the State of Nevada filed an answer on his behalf, but it later withdrew as his attorney after he moved to Belize. Docket No. 174 at 2; *see also* Docket No. 180 (granting motion to withdraw as attorney). Because Defendant Burson has been served, Plaintiff's motion to compel acceptance of service and related request for sanctions are **DENIED** as moot.

1    Defendants Camacho and Carabajal are former NDOC employees. Docket No. 145 at 2. The
2 Court has previously explained that the State of Nevada is not necessarily obligated to accept service
3 for former state employees. *See* Docket No. 158. The Court therefore construes Plaintiff's request as
4 a motion for reconsideration.

5    Reconsideration is appropriate if the Court: (1) is presented with newly discovered evidence; (2)
6 committed clear error, or the initial decision was manifestly unjust; or (3) if there is an intervening
7 change in controlling law. *Dixon v. Wallowa County,* 336 F.3d 1013, 1022 (9th Cir. 2003).
8 Reconsideration is "an extraordinary remedy, to be used sparingly and in the interests of finality and
9 conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir.
10 2000) (internal quotation marks omitted).

11    Plaintiff has provided no legal analysis to warrant reconsideration of the Court's prior order.
12 Instead, Plaintiff attached a form in which Defendant Carabajal authorized NDOC to act as his agent
13 for the purpose of accepting service of process. Docket No. 240 at 7. That form makes clear that this
14 agency relationship persisted for the two-year period following the employee's termination unless it was
15 revoked or NDOC was unable to locate the former employee. *Id.* Plaintiff concludes that, because
16 Defendants' counsel provided the last known address of Defendant Camacho and Carabajal, NDOC was
17 obligated to accept service on their behalf. *Id*.

18    Plaintiff equivocates the provision of these defendants' last known addresses with ability to
19 locate them. By Plaintiff's own admission, the United States Marshal Service has been unable to locate
20 the unserved defendants at these addresses. *Id*. at 2. It is unclear whether a contractual obligation
21 existed. Further, Plaintiff does not provide a legal theory that would give him a remedy for a breach of
22 this obligation, if it existed. Accordingly, Plaintiff's request to compel acceptance of service and
23 accompanying request for sanctions is **DENIED**.

24    Additionally, Plaintiff requests sanctions relating to the costs of attempting to serve Defendants
25 Mohlenkamp, Ferguson, Schaff, and Scilia. *Id.* at 4-5. For the reasons discussed above, this request is
26 **DENIED**.

27    Finally, Plaintiff seeks "a scheduling order be granted permitting [him] to conduct discovery[.]"
28 *Id*. at 4. The Court entered a scheduling order in this case on October 3, 2014. Docket No. 64. On

December 5, 2014, Plaintiff moved to extend the discovery period. Docket No. 87. On December 8, 2014, the Court granted Plaintiff's motion in part. Docket No. 88. On March 2, 2015, Plaintiff again moved to extend discovery. Docket No. 105. On March 5, 2015, the Court granted Plaintiff's motion. Docket No. 108. Extensive discovery litigation has occurred in this case. *See* Docket. Therefore, as a scheduling order has already been entered and Plaintiff has already been permitted to conduct discovery, his request for a scheduling order permitting him to conduct discovery is **DENIED** as moot.

### III. CONCLUSION

For the reasons more fully explained above, Plaintiff's motion to compel acceptance of service, Docket No. 240, is **DENIED**.

IT IS SO ORDERED.

DATED: April 25, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge