UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| RONALD R. SANTOS, | ) | |
| | ) | |
| Plaintiff(s), | ) | Case No. 2:11-cv-01251-KJD-NJK |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| ISIDRO BACA, et al., | ) | (Docket No. 241) |
| | ) | |
| Defendant(s). | ) | |

Pending before the Court is Plaintiff's motion to extend prison copy work limits, or alternatively, motion to transfer funds. Docket No. 241. Defendants filed a response, and Plaintiff filed a reply. Docket Nos. 242, 243.

Plaintiff asks that the Court extend his prison copy work limits. Docket No. 241 at 1. Plaintiff represents that he currently has $14.90 available for copying costs, enough for 149 pages of copies. *Id.* at 2. Plaintiff asks the Court to grant a $40.00 extension, as he believes he will need to copy 250 pages in dispositive pleadings and exhibits. *Id.* at 2. Defendants agree that Plaintiff's prison copy work limit should be extended, but only by $4.00. Docket No. 242 at 2. They submit that this extension would give Plaintiff funds to make 180 pages of copies which, they argue, would allow Plaintiff to litigate dispositive motions. *Id.*

//

//

Plaintiff does not have a constitutional right to free photocopying. *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991) (*citing Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir.1989) ("numerous courts have rejected any constitutional right to free and unlimited photocopying")). The Ninth Circuit has concluded that "an inmate has a right to photocopying . . . *when, and only when*, necessary to guarantee him meaningful access to the courts." *Hiser v. Franklin*, 94 F.3d 1287, 1294 n. 6 (9th Cir. 1996) (emphasis added). In this District, a court may order a prison to provide limited photocopying "when it is necessary for an inmate to provide copies to the court and other parties." *Allen v. Clark Cnty. Det. Ctr.*, 2011 WL 886343, at *2 (D. Nev. Mar. 11, 2011) (finding plaintiff demonstrated a need to increase the copy work limit when he provided a copy of his inmate account statement showing a negative balance of $199 and the case was pending appeal before the Ninth Circuit).

Plaintiff has submitted that he needs to copy 250 pages in total to litigate dispositive motions. He currently has the funds to copy 149 pages; therefore, Plaintiff needs only $10.10 to copy the remaining 101 pages. The Court, therefore, agrees to extend Plaintiff's copy work limit by $11.00.

In the alternative, Plaintiff asks the Court to direct Defendants to transfer money from his savings account to pay for copies. Docket No. 241 at 3. Plaintiff has $43.50 in his inmate savings account. *Id*. at 6. Using an inmate withdrawal request, Plaintiff sought permission to transfer $43.00 of those funds so that he could use them to defray his photocopying costs. *Id*. at 5. Warden Renee Baker denied his request because Plaintiff had not "reached the $400 minimum savings [account] level" required to make the transfer. *Id*. Plaintiff submits that this threshold was established to enable inmates to have funds available upon their release. *Id*. at 3 n.1. Therefore, because he is serving life without parole, Plaintiff contends he should be permitted to have access to these funds. *Id*.

Nevada Department of Corrections Administrative Regulation ("AR") 258.01 prohibits transfers from an inmate's savings account when its balance is below $400. AR 258.01 D.(3). The regulation explains: "This account exists so an inmate may have funds upon release and funds are available to defray Department costs upon the inmate's death." AR 258 D.(2).

//

Courts "are ill equipped to deal with the increasingly urgent problems of prison administration and reform" and, therefore, "accord deference to the appropriate prison authorities." *Turner v. Safley*, 482 U.S. 78, 84-85 (1987) (citing *Procunier v. Martinez*, 416 U.S. 396, 405 (1974)). "Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government." *Id.* The Court declines to issue an order permitting Plaintiff to transfer funds in violation of prison regulations.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to extend prison copy work limits (Docket No. 241) is **GRANTED** in part and **DENIED** in part. Planitiff's copy work limit is extended by $11.00. Plaintiff's alternative request to transfer funds from his inmate savings account is **DENIED**.

IT IS SO ORDERED.

DATED: April 29, 2016.

_____
NANCY J. KOPPE
United States Magistrate Judge