# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RONALD R. SANTOS, | ) |
| Plaintiff(s), | ) Case No. 2:11-cv-01251-KJD-NJK |
| | ) |
| vs. | ) ORDER |
| | ) |
| ISIDRO BACA, et al., | ) (Docket No. 250) |
| | ) |
| Defendant(s). | ) |

Pending before the Court is Plaintiff's motion for the issuance of a subpoena. Docket No. 250. Defendants filed a response, and Plaintiff filed a reply. Docket Nos. 251, 252. For the reasons discussed below, Plaintiff's motion is hereby **GRANTED** in part and **DENIED** in part.

Rule 45 of the Federal Rules of Civil Procedure governs the issuance of subpoenas to non-parties. Such subpoenas may issue from the Court, signed by the Court Clerk or an attorney authorized to practice before the Court. Fed. R. Civ. P. 45(a)(3). *Pro se* litigants need the Court Clerk to issue a subpoena. *Alcon v. Bright*, 2015 WL 5559896, at *2 (N.D. Cal. Sept. 18, 2015). In accordance with Rule 45(a)(3), "[t]he clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it[, and] [t]hat party must complete it before service." Fed. R. Civ. P. 45(a)(3).

Here, Plaintiff seeks to subpoena one non-party. Docket No. 250 at 2. Accordingly, the Court grants Plaintiff's request for issuance of a subpoena and directs the Clerk of Court to issue the subpoena in blank and send it to Plaintiff to fill out (except for the name and return address) and return to the Court of Court. *Banks v. Joyce*, 2014 WL 7330938, at *1 (D. Nev. Dec. 19, 2014) (Leen, M.J.). "This practice is not uncommon in this district." *Antonetti v. Neven*, 2014 WL 1089661, at *2 (D. Nev. Mar. 18, 2014) (citing *McCurdy v. N. Las Vegas Officer Johnson*, No. 08-cv-1767-JAD-PAL (Docket No. 84 at 5-6) (D. Nev. Aug. 23, 2013) (Leen, M.J.). Plaintiff is advised that she must comply fully with

Rule 45. *Banks*, 2014 WL 7330938, at *1 (D. Nev. Dec. 19, 2014) (telling *pro se* Plaintiff to carefully read the same). Defendants must file the witness' next of kin's name and address under seal. Once the Clerk of Court receives the subpoena, it shall add the witness' next of kin's name and address and deliver the subpoena to the U.S. Marshal.

"Directing the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court." *Edwards v. Las Vegas Metro. Police Dep't*, 2015 WL 4623314, *1 (D. Nev. Aug. 3, 2015) (citing *Alexander v. California Dep't of Corr.*, 2010 WL 5114931, *3 (E.D. Cal. Dec. 9, 2010) (alteration omitted). Before tasking the U.S. Marshal with serving a *pro se* plaintiff's subpoena, this Court must be persuaded that the information sought meets a minimal threshold. *Id.* (collecting cases).

The Court finds that Plaintiff's showing suffices to meet the threshold for an order directing the U.S. Marshal to effectuate a subpoena on Plaintiff's behalf.[1]  Plaintiff submits that the issuance of this subpoena will result in testimony that directly corroborates his testimony regarding the conditions of confinement and avers that the non-party's testimony will take "only minutes[.]"  Docket No. 252 at 2.  Further, Defendants do not meaningfully oppose Plaintiff's request. *See* Docket No. 251 at 2. Plaintiff is required to comply with any and all requirements the U.S. Marshal may have for serving the subpoena.

//

//

//

//

//

//

//

//

---

[1] The Court expresses no opinion as to whether the subpoena requested is appropriate and/or timely.  Nothing in this shall order be construed as preventing the subpoena recipient from filing any motions he or she deems appropriate.

Accordingly, it is hereby ordered that:

1.     Plaintiff's motion, Docket No. 250, is **GRANTED** in part and **DENIED** in part.

2.     The Clerk's Office shall issue a blank subpoena form and mail it to Plaintiff who may complete the subpoena, except for the next of kin's name and address, and return it to the Clerk's Office.

3.     Defendants shall file the next of kin information under seal.

4.     The Clerk of Court shall add to the subpoena the name and address of the witness' next of kin, and deliver the subpoena to the U.S. Marshal.

5.     If Plaintiff complies with all requirements set forth herein, the U.S. Marshal shall attempt to effectuate service of Plaintiff's subpoena at that address.

6.     Nothing in this order shall be construed to excuse compliance with the Federal Rules of Civil Procedure.

7.     Any further requests for relief are **DENIED**.

IT IS SO ORDERED.

DATED: June 27, 2016.

_____

NANCY J. KOPPE
United States Magistrate Judge

3