# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| RONALD R. SANTOS, | ) | |
| | ) | |
| Plaintiff(s), | ) | Case No. 2:11-cv-01251-KJD-NJK |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| ISIDRO BACA, et al., | ) | (Docket No. 216) |
| | ) | |
| Defendant(s). | ) | |

Pending before the Court is Plaintiff's motion seeking an order to deny any dispositive motions deadline; to extend the discovery deadline; and to require all current outstanding requests be answered and, if deficient, permit additional requests. Docket No. 216. The Court has considered Plaintiff's motion, Plaintiff's supplement, Defendant's response, and Plaintiff's reply. Docket Nos. 216, 217, 220, 221. The Court finds the matter resolved without oral argument. *See* LR 78-1. For the reasons that follow, Plaintiff's motion, Docket No. 216, is **DENIED**.

**I.     Procedural History**

On February 25, 2013, this case was stayed pending an early inmate mediation. Docket No. 15. On May 24, 2013, the Court lifted the stay, as the parties did not reach a settlement at the mediation. Docket No. 22. On October 3, 2014, the Court entered a scheduling order after Defendants filed an answer to Plaintiff's second amended complaint. Docket No. 64. That scheduling order set the dispositive motions deadline for February 2, 2015, which was approximately 30 days after the discovery cut-off. *Id.* at 1.

On December 5, 2014, Plaintiff moved to extend the discovery period. Docket No. 87. On December 8, 2014, the Court granted Plaintiff's motion and extended the discovery cut-off to April 1, 2015. Docket No. 88 at 1.

On March 2, 2015, Plaintiff filed a second motion to extend the discovery period. Docket No. 105. On March 5, 2015, the Court further extended the discovery cut-off to June 30, 2015, because various defendants had delayed in responding to Plaintiff's discovery requests. Docket No. 108.

On June 22, 2015, Plaintiff filed a motion to stay the case, as he was on suicide watch and, therefore, unable to receive legal mail. Docket No. 127. On June 24, 2015, the Court stayed the case. Docket No. 128. On July 6, 2015, Plaintiff filed a motion in which he represented that he had been discharged from the mental health unit after being on suicide watch after only five days. Docket No. 130 at 2. On July 20, 2015, the Court lifted the stay. Docket No. 134.

On August 3, 2015, Plaintiff filed a motion for a new scheduling order. Docket No. 140. As Defendants admitted that they had not provided timely discovery responses, the Court granted Plaintiff's motion and set the discovery cut-off for September 28, 2015. Docket No. 141 at 2. On September 14, 2015, Plaintiff filed a third motion to extend, which the Court granted, extending the discovery deadline to October 28, 2015. Docket Nos. 156, 157.

**II.   Discussion**

A "district court has inherent power 'to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *United States v. U.S. Dist. Court for N. Mariana Islands*, 694 F.3d 1051, 1058 (9th Cir. 2012) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936)). This broad discretion extends to setting filing deadlines. *Robertson v. FedEx Nat. Ltl, Inc.*, 2010 WL 10020690, *2 (C.D. Cal. Jan. 5, 2010).

Plaintiff requests that the Court extend the discovery cut-off and delay in setting a dispositive motions deadline until all outstanding discovery requests are satisfied. Docket No. 216 at 5. In response, Defendants "acknowledge that some of Plaintiff's discovery has not yet been answered[.]" Docket No. 220 at 7. Nonetheless, Defendants submit that a dispositive motions deadline needs to be set, as "the prior orders extending time have not contemplated deadlines for motions for summary judgement [sic]." Docket No. 220 at 9.

As the parties have enjoyed a discovery period of over a year, twice the presumptively reasonable discovery period in LR 26-1(b), the Court **DENIES** Plaintiff's request for an extension of the discovery cut-off. Further, the Local Rules require the Court to issue a scheduling order, which usually contains the dispositive motions deadline, well before discovery is completed. *See* LR 26-1(a). Accordingly, the Court **DENIES** Plaintiff's request for a delay in setting the dispositive motions deadline. The Court hereby **ORDERS** that dispositive motions shall be filed no later than **August 29, 2016**. All motions for summary judgment shall comply in full with the requirements of LR 56-1. Additionally, the Clerk's Office shall issue a Pretrial Notice Order five days past the due date for filing dispositive motions or the date all dispositive motions are resolved, whichever is later. The Court further **DENIES** Plaintiff's request for an order compelling responses to every outstanding discovery request, as Plaintiff fails to provide the text of each discovery request, the response if any, and an explanation as to why he is entitled to that discovery. LR 26-7; *see also Santos v. Baca*, 2015 WL 6956643, *2 (D. Nev. Nov. 10, 2015).

IT IS SO ORDERED.

DATED: July 29, 2016.

_____
NANCY J. KOPPE
United States Magistrate Judge