**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| RONALD R. SANTOS, | ) | |
| | ) | |
| Plaintiff(s), | ) | Case No. 2:11-cv-01251-KJD-NJK |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| ISIDRO BACA, et al., | ) | (Docket No. 257) |
| | ) | |
| Defendant(s). | ) | |

Pending before the Court is Plaintiff's motion seeking an order designating facts to be taken as established for evasive discovery responses. Docket No. 257. Defendants filed a response, and Plaintiff filed a reply. Docket No. 261, 264. The Court finds the motion properly resolved with oral argument. *See* LR 78-1. For the reasons discussed below, Plaintiff's motion is **DENIED**.

**I.   Background**

On April 21, 2016, the Court granted Plaintiff's motion to compel Defendants to provide further responses to his contention interrogatories. Docket No. 244. The Court overruled Defendants' sole objection: that the interrogatories were improper because they deviated from an interrogatory approved in *Thomas v. Cate*, 715 F. Supp. 2d 1012, 1030 (E.D. Cal. 2010). *Id*. at 1-3. The Court rejected Defendants' argument, as the interrogatories did not seek a legal conclusion unrelated to the facts of the case. *Id.* at 3 (citing *Thomas*, 715 F. Supp. 2d at 1030); *see also* Fed.R.Civ.P. 33(a)(2) ("An interrogatory is not objectionable merely because it asks for . . . contention that relates to . . . the

application of law to fact"). Therefore, the Court ordered Defendants to provide supplemental responses to Plaintiff's interrogatories. Docket No. 244 at 4.

Defendants provided supplemental responses. Docket Nos. 261-1, 261-2. Plaintiff contends these responses violate the Court's order. Docket No. 257 at 3. Plaintiff therefore asks the Court to sanction Defendants by ordering that the matters covered in the interrogatories be taken as established for purposes of the action. *Id*.

**II.     Discussion**

If a party fails to obey an order to provide discovery, the court may impose sanctions, including "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims[.]" Fed.R.Civ.P. 37(b)(2)(A)(i). Orders resolving a motion to compel fall squarely within Rule 37(b)(2)(A). *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 787 (9th Cir. 2011). A determination that such an order was disobeyed is entitled to considerable weight because the trial judge is best equipped to assess the circumstances of the non-compliance. *Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 379 (9th Cir. 1988).

Plaintiff's interrogatories asked Defendants Scilia and Morrow to provide the basis on which they disagree with his contention that a disputed prison policy is not the least restrictive alternative. *See* Docket Nos. 261-1, 261-2. After overruling Defendants' objection, the Court ordered that, if Defendants disagreed with Plaintiff's contention, then they should say so and briefly explain why. Docket No. 244 at 3 (citing *AngioScore, Inc. v. TriReme Med., Inc*., 2014 WL 7188779, *5 (N.D. Cal. Dec. 16, 2014)).

Here, Defendants responded as ordered. Docket Nos. 261-1, 261-2. Defendants' responses state both their position and a brief explanation for it. *See id*. The Court agrees with Defendants that "Plaintiff may use these responses in support of a dispositive motion" as the bases upon which Defendants Scilia and Marrow contend that the disputed policy is the least restrictive alternative. Docket No. 261 at 5. The Court finds that Defendants adequately complied with the Court's order. Sanctions, therefore, are unwarranted.

//

//

Accordingly, Plaintiff's motion, Docket No. 257, is **DENIED**.

IT IS SO ORDERED.

DATED: August 10, 2016.

_____
NANCY J. KOPPE
United States Magistrate Judge