# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RONALD SANTOS

    Plaintiff,

v.

ISIDRO BACA, et.al.,

    Defendants.

Case No. 2:11-CV-01251-KJD-NJK

**ORDER**

    Presently before the Court are Plaintiff's Motions for Extension of Time or in the Alternative, Motions to Strike Defendants' Partial Motions for Summary Judgment (##290, 291 & 298). Defendants filed a response in non-opposition to Plaintiff's Motion for Extension of Time (#296) to which Plaintiff did not reply. Defendants filed a response to Plaintiff's Motions to Strike (#295), to which Plaintiff replied (#297).

**Background**

    Plaintiff filed his Civil Rights Complaint (#2) on or about August 1, 2011. The Court screened said Complaint and issued a Screening Order (#7) on February 13, 2012. A subsequent Screening Order (#15) upon an Amended Complaint was issued February 25, 2013. Dispositive Motions were due on Monday August 29, 2016. Plaintiff filed a Partial Motion for Summary Judgment for each Count on August 29, 2016. Each count named different Defendants, had entirely unrelated fact patterns, and each motion sought relief on separate and distinct legal issues.

    Count I contained First Amendment and Religious Land Use and Institutionalized Persons Act (RLUIPA) claims regarding the constitutionality of certain High Desert State Prison chapel

policies. The Count named nine different defendants, all of which participated in entirely different capacities. As such, each Defendant had a different set of undisputed facts, and frequently requested relief as to summary judgment under a different legal standard.

Count II contained First Amendment and RLUIPA claims regarding the provision and distribution of kosher meals. This count contained an entirely unrelated set of facts and named ten different Defendants. Again, each Defendant had a different and new set of facts to consider, and generally requested summary judgment relief under different legal standards as well.

Count III contained Eighth Amendment conditions of confinement claims/deliberate indifference claims, and involved yet another set of Defendants and an entirely different set of Operating Procedures and Administrative Regulations. This count again contains another set of arguably unrelated facts, names eight different Defendants, primarily in different capacities and requests relief under different legal standards.

**Discussion**

Rule 7-3 of the Local Rules of Practice of the United States District Court District of Nevada (April, 2016) states, in pertinent part:

> Motions for summary judgment and responses to motions for summary judgment are limited to 30 pages, excluding exhibits. Replies in support of a motion for summary judgment are limited to 20 pages. [...]
>
> The court looks with disfavor on motions to exceed page limits, so permission to do so will not be routinely granted. A motion to file a brief that exceeds these page limits will be granted only upon a showing of good cause. A motion to exceed these page limits must be filed before the motion or brief is due and must be accompanied by a declaration stating in detail the reasons for, and number of, additional pages requested. The motion must not be styled as an ex parte or emergency motion and is limited to three pages in length. Failure to comply with this subsection will result in denial of the request. The filing of a motion to exceed the page limit does not stay the deadline for the underlying motion or brief. In the absence of a court order by the deadline for the underlying motion or brief, the motion to exceed page limits is deemed denied. If the court permits a longer document, the oversized document must include a table of contents and a table of authorities.

L.R. 7-3.  Motions to exceed page limits are not granted as a matter of right – Defendants must secure the Court's permission before filing a brief that exceeds this District's established page limits.

1  See, e.g., King Co. v. Rasmussen, 143 F. Supp. 2d 1225, 1227 (W.D. Wash. 2001) (addressing a
2  similar local rule, stating: "[Party] did not request advance permission from the court to file
3  overlength briefs. The [Party's] submissions violate the plain language of Civil Rule 7(c). The court
4  will strike all briefing on both responses beyond page 24, and the arguments contained in those
5  excess pages will not be considered."). The court may strike supplemental filings made without
6  leave of court. L.R. 7-2.
7      Here, Plaintiff's Motions to Strike are predicated on the argument that Defendants' filing
8  three (3) Partial Summary Judgment motions (##269, 270 & 271), each thirty (30) pages long,
9  totaling ninety (90) pages, runs afoul of Local Rule 7-3. Additionally, Plaintiff moves to strike
10 accompanying declarations submitted by each Defendant (sixteen (16) in total) due to exceeding the
11 page requirement within Local Rule 7-3.
12     According to Defendants, each partial motion for summary judgment required declarations in
13 support from many defendants, all of whom had different sets of facts, legal theories, and supporting
14 documentation. Defendants contend that any of the Defendants, as individuals, would be prejudiced
15 if they are unable to submit their own declaration advising the Court as to the truth of the matters
16 upon which they testify or present. Additionally, Defendants contend that in making an "effort to
17 minimize the filings, each defendant filed a Declaration that could be used in support of all three
18 Partial Motions, rather than filing 51 different declarations in support of each summary judgment."
19 (#299 at 5).
20     In the instant matter, Plaintiff filed a Complaint that named over 20 parties, and the final
21 operative complaint included three separate causes of action, that requested relief under different
22 constitutional claims, and under different theories of liability for individual defendants. Each party
23 has the right to present their requests for summary judgment. Due to the lengthiness of the
24 motions, Defendants filed a concurrent non-opposition to Plaintiff's request for more time to
25
26

respond. For the reasons set-forth herein, the Court hereby waives the Local Rule 7-3 motion requirement.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motions to Strike Defendants' Partial Motions for Summary Judgment (##290 & 291) are **denied**;

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Defendants' Declarations to Motions for Summary Judgment (#298) is **denied**.

DATED this 28th day of February 2017.

_____
Kent J. Dawson
United States District Judge