# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RONALD SANTOS

    Plaintiff,

v.

ISIDRO BACA, et.al.,

    Defendants.

Case No. 2:11-CV-01251-KJD-NJK

**ORDER**

    Presently before the Court is Plaintiff's Motion for Reconsideration, Clarification and Correction (#308).

    Plaintiff moves this Court to either grant his motions to strike (## 291 & 298) or to give an explanation as to why this Court allowed Defendants to file partial motions for summary judgment which, when combined, amount to ninety (90) pages total, possibly running afoul of Local Rule 7-3 page limit.  Further, Plaintiff asks this Court to provide what amounts to legal advice regarding how he should proceed in responding to the Defendants' partial motions for summary judgement.  Finally, Plaintiff requests a twenty-one (21) day extension of time in order to file his responses to Defendants' pending motions.

    This Court need not reiterate its reasoning within its February 28, 2017 order and finds Plaintiffs present motion baseless and without merit.  The Court made it clear that due to Plaintiff's decision to name over twenty (20) defendants alleging separate causes of action, Defendants could not possibly have been able to address Plaintiff's claims without exceeding the thirty (30) page limit enumerated in Local Rule 7-3.  Perhaps the better practice for Defendants would have been to file a motion seeking permission from this Court to exceed the LR 7-3 page limit, however failure to do so was a procedural matter not a substantive matter.  Striking the motions would have unnecessarily

multiplied the proceedings.  Additionally, Defendants filed three partial motions amounting to no more than thirty (30) pages each.

Further, a motion to strike does not suffice as a response to a motion for summary judgement. The Court never expanded the time for Defendant to file opposition to the motions. Accordingly, this Court has discretion to grant Defendants' motions due to a lack of response by the Plaintiff immediately.  The Court, however, set a schedule with which the parties must adhere in filing their responsive pleadings in this matter.

Plaintiff has chosen to represent himself pro se. While pleadings filed by pro se parties are to be liberally construed, this Court may not give Plaintiff legal advice, nor may this Court act as his lawyer.  As such, Plaintiff may respond to Defendants' motions in accordance with both Local and Federal rules of procedure.  Given the voluminous nature of the pleadings, this Court grants Plaintiff leave to respond to each of Defendants' partial motions within Local Rule 7-3 page limit (no more than thirty pages each, not to exceed 90 pages total).

Finally, the Court notes the amount of time (181 days as of March 1, 2017) Plaintiff has been in possession of Defendants' motions.  Again, as this Court has already stated, Plaintiff has had ample time (approximately 6 months) to respond to Defendants' motions.  The Court perceives Plaintiff's multiple filings since the date Defendants filed their motions as attempts to forestall timely resolution of this matter. Thus, no extensions, continuances, or other mechanisms to delay this matter will be granted.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration, Clarification and Correction (#308) is **DENIED**.

DATED this 10th day of March 2017.

_____
Kent J. Dawson
United States District Judge

2