# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

RONALD R. SANTOS,

Plaintiff,

v.

ISIDRO BACA, et al.,

Defendants.

Case No. 2:11-cv-01251-KJD-NJK

**ORDER**

Before the Court is Plaintiff Ronald Santos's Motion for Order Reopening Case to Resolve Issue of Unserved Defendants (#346). None of the remaining defendants responded.

**I.  Background**

Plaintiff Ronald Santos seeks to resolve the issue of unrepresented defendants, so that he may appeal a final judgment before the Ninth Circuit. On March 29, 2017, the Court granted summary judgment in favor of all defendants represented by counsel. ECF No. 317. Three defendants were not named in the partial motions for summary judgment: Eric Burson, Fidel Camacho, and Mark Carabajal. See ECF Nos. 269-271. The Court's docket shows two of these three defendants—Camacho and Carabajal—were never properly served. See ECF Nos. 65, 80. Burson, on the other hand, received service but has not participated in the suit since he answered Santos's complaint. Given the inconsistent service and participation of these three alleged defendants, Santos seeks three potential means of relief. He asks the Court to either (1) enter default judgment against the remaining defendants; (2) grant him an extension of time to serve the remaining defendants; or (3) provide legal advice on any other option to finalize the Court's prior order. ECF No. 346. Although the Court construes Santos's pro se claims liberally, it will not provide him legal advice. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Thus, the Court is left to construe Santos's motion as either a motion for default judgment or as an extension of

time to properly serve Camacho and Carabajal.

**II.     Legal Standard**

Federal Rule of Civil Procedure 4(m) governs the time limits for serving prospective defendants. If a plaintiff fails to serve a defendant within ninety days, the Court must order service within a specified time or dismiss the complaint without prejudice. Fed. R. Civ. P. 4(m). Where a plaintiff has shown good cause, however, the Court may extend the time for service. Id.; In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001). Good cause is determined on a case-by-case basis and, at a minimum, means excusable neglect. Id. To demonstrate good cause, the Court may consider the following factors: (a) whether the party to be served received actual notice of the lawsuit; (b) whether the defendant would suffer prejudice due to the extension; and (c) whether the plaintiff would be severely prejudiced if his complaint were dismissed. Id.

**III.     Analysis**

*A.  Unserved Defendants Camacho and Carabajal*

Santos requests that the Court allow him to again attempt to serve Defendants Camacho and Carabajal. However, applying the standard for good cause from Sheehan, Santos failed to show the three factors outlined above. There is no evidence, nor has Santos pleaded, that Camacho or Carabajal had actual notice of the lawsuit. In fact, every time the U.S. Marshals Service (USMS) attempted service on either party, it was unsuccessful. See ECF Nos. 65, 80. Similarly, Santos failed to show an extension of time would not prejudice Camacho and Carabajal. Service now would notify them of a lawsuit that began almost eight years ago. See ECF No. 1. Expecting Camacho and Carabajal to recall events nearly a decade old would prejudice their defense. See Barker v. Wingo, 407 U.S. 514, 532 (1972). Further, Santos did not show he would be severely prejudiced if these defendants were dismissed because he failed to address claims against these defendants for over four years. See generally ECF No. 346. He did not make any claims showing that dismissing the defendants would adversely affect the judgment he seeks.

Despite Santos's attempts to serve Camacho and Carabajal, he is not blameless here. The record is clear that he did not follow up on these service issues prior to his appeal, even though

the Court ordered him to do so. In August 2014, Santos filed a Motion for Order to Carry Out Service. ECF No. 46. The Court granted the motion and stated that if the USMS is unable to serve Camacho and Carabajal, and Santos wishes to attempt service again, a motion shall be filed with the Court specifying another manner of service. ECF No. 48. In relevant part, the Order clearly stated, "Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service shall be accomplished within 120 days from the date this order is entered." Id. That order was entered on August 27, 2014. Id. After that order, Santos attempted to serve Camacho five times in October 2014, to no avail. ECF No. 65. Likewise, Santos attempted to contact Carabajal without success in November 2014. ECF No. 80. Notwithstanding these failed attempts, Santos never requested alternate means of service such as service by publication. See, e.g., N.R.C.P. 4.4(c) (showing service by publication is available to plaintiffs who cannot, after due diligence, locate defendants). Because of his failure to serve within the time period set by the Court in August 2014, Santos cannot show good cause for failure to serve. Accordingly, the Court denies Santos's motion inasmuch as it seeks an extension of time to serve Camacho and Carabajal.

*B. Burson*

The remainder of Santos's motion relates to Defendant Eric Burson. Unlike Camacho and Carabajal, Santos properly served Burson while he was employed by the State. The Attorney General's office accepted service on his behalf and provided representation. On October 3, 2014, the Attorney General answered Santos's complaint on behalf of Burson. ECF No. 174. After the answer was filed, Burson left his employment and moved to Belize. Id. Because the state no longer employed Burson, the Attorney General moved to withdraw as Burson's counsel of record. The Court granted the motion. ECF No. 180. Since that time, the Court has attempted to contact Burson twenty-six times to no avail. See, e.g., ECF Nos. 185, 345.

Because Santos properly served Burson, and because he participated in the suit initially, the Court will not dismiss him with Carabajal and Camacho. Accordingly, the Court must determine whether to grant a default judgment in Santos's favor. The Court weighs seven factors to determine whether default judgment is appropriate.[1] Eitel v. McCool, 782 F.2d 1470 (9th Cir.

---

[1] The factors include (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's

1986). Important here is whether Santos's complaint states a cognizable claim against Burson. See id. at 1471.

The extent of Santos's claim against Burson is that some "white" inmates threatened Santos, and Burson determined that Santos needed to be moved to segregated housing. ECF No. 36, p. 6. Santos claims Burson violated his Eighth Amendment right against Cruel and Unusual Punishment when Burson failed to assign him to a segregation unit cell quickly and instead assigned him to be housed elsewhere temporarily. Id. at 6A. Santos claims conditions of the holding cell were very poor. Id. Santos also asserts that Burson wrongfully decided to not move two inmates together to free a bed in segregated housing in a timely manner. Id. at 6B. Santos did not allege any other claims against Burson.

Having reviewed Santos's complaint, the Court is unconvinced that Santos has stated a plausible claim for relief. Had Burson joined the other defendants' partial motion for summary judgment, Santos's claims against Burson likely would have failed. Accordingly, the Court orders Santos to show cause as to why Burson is not similarly situated to the other defendants who have received judgment in their favor. Santos should also show cause as to why Burson should not be dismissed for (1) qualified immunity or (2) Santos's failure to state a claim against Burson. If Santos elects instead to proceed to his appeal, he may notify the Court of his intent to voluntarily dismiss Burson without prejudice. Santos shall file his response within 21 days after the entry of this order. If he does not, Burson will be dismissed without prejudice.

///
///
///
///
///
///
///

---

substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel, 782 F.2d at 1471-72.

### IV. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that inasmuch as Santos's Motion to Reopen (#346) is itself a motion for extension of time to serve Camacho and Carabajal, that motion is **DENIED**. Accordingly, Defendants Camacho and Carabajal are hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that inasmuch as Santos's Motion to Reopen (#346) is itself a motion for default judgment against Defendant Eric Burson, that motion is **DENIED**. Santos shall show cause why his claims against Burson should not be dismissed within 21 days. The Court will not grant further extensions of time. If Santos fails to show cause why Burson should not be dismissed, the Court will dismiss Burson without prejudice.

DATED this 11th day of July 2019.

_____
Kent J. Dawson
United States District Judge